DELIA B. FROUDE, Respondent, v. CHARLES R. FLEISCHMANN,
Appellant.

Third Department, May 2, 1917.

Contract — agreement by treasurer of corporation in which his
father's estate was interested to take up loan against said corpo-
ration and give notes therefor — Statute of Frauds — consideration.

The treasurer of a corporation in which his father's estate was largely inter-
ested as a creditor and otherwise, and which was indebted to the plaintiff
for moneys loaned, for the enforcement of the payment of which the
plaintiff had taken active steps, replied to a letter written to his mother,
the executrix of the estate, as follows: " I have taken it upon myself
to settle the question * * * I have decided to take up this loan
myself on behalf of the estate in shape of five notes," which he agreed
to pay with interest. The plaintiff in an action to recover the amounts
which would become due on said notes if they had been delivered as
proposed, alleged that he discontinued the collection of his claim and
canceled and surrendered the same with interest and accepted the offer
of the defendant to take the notes, which the defendant refused to deliver.
Held, that the contract constituted an original agreement, unprejudiced by
the Statute of Frauds, given for a sufficient consideration and enforcible.

APPEAL by the defendant, Charles R. Fleischmann, from
an interlocutory judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of Delaware on the 31st day of August, 1916, overruling a
demurrer to the complaint.

*Aronson & Salant* [*Louis Salant* of counsel], for the appellant.

*Harry Sammet* [*Jerome A. Strauss* of counsel], for the
respondent.

KELLOGG, P. J.:

The defendant was treasurer of the Continental Export
Company, in which his father's estate was largely interested
as a creditor and otherwise. The export company was indebted
to the plaintiff for moneys loaned, as follows: $1,000, with
interest thereon from September 19, 1908, and $1,000, with
interest thereon from December 17, 1908. In January, 1913,
the plaintiff was taking active steps to enforce payment of
these loans from the company, and the defendant's father's

estate was endeavoring to protect its interest as a creditor and otherwise of the company, and endeavoring to realize as much as possible from its assets. The plaintiff had written the defendant's mother, whom we infer was the executrix of the estate, with reference to some settlement or adjustment of her claim against the export company, and on January 14, 1913, the defendant answered the letter as follows:

" My mother having been far from well for the past few weeks, I have taken it upon myself to settle the question contained in your favor of the 9th inst. addressed to her. As I have explained to you on a number of occasions, the loan in question has nothing whatsoever to do with either the estate of Louis Fleischmann or with myself. However, in order to settle the question once for all and in order not to cause you any further loss, I have decided to take up this loan myself on behalf of the estate in the shape of five notes of $400 each, one maturing at the end of each of the five next ensuing years. These notes are to bear interest at six per cent, and as each note matures the principal together with the interest will be paid. I have explained to you my own position thoroughly and this is the only manner in which I can or care to take up this matter, which is not at all a personal one but one which I am handling as the representative of the family.

" Please let me know if this is agreeable to you, and if so I shall be pleased to send the necessary papers at once. With kindest regards, I remain,

" Very truly yours,
"CHARLES R. FLEISCHMANN."

The plaintiff alleges that pursuant to the defendant's promise she did forego and discontinue the collection of said claim, and canceled, abandoned and surrendered up the claim of principal and interest against the export company, and accepted the offer of the defendant to take his notes for $2,000, according to said offer, and that after the plaintiff had made the acceptance, the defendant refused to deliver the notes as agreed, and this action was brought to recover the amounts which would become due on said notes if they had been delivered as proposed.

The defendant demurs and contends: (1) That the contract contemplated some other instrument and was not complete; (2) that it is void under the Statute of Frauds as not stating a consideration, and (3) that it is the obligation of the estate and not of the defendant. The trial judge, upon the authorities cited by him in his memorandum (*Brauer* v. *Oceanic Steam Navigation Co.*, 178 N. Y. 339; *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 id. 209; *Raubitschek* v. *Blank*, 80 id. 480) properly concluded that the contract was complete and enforcible.

We do not know what was in the letter written to the mother to which the son wrote the reply. It undoubtedly contains some proposition for the settlement of the plaintiff's claim, or for turning it over to protect the interest of the estate in the property. The letter written by the defendant is to be read in connection with the known circumstances stated in the complaint and admitted by the demurrer. By the proposed agreement the company was relieved from the threatened litigation and from the necessity of immediate payment; the estate of the father was made more secure in its claim and interest in the company, and we may well infer from the language of the letter that the defendant was to take up the loan himself—not necessarily that he was to pay the debt of the export company, but was to take over the debt and hold it in the interest of his father's estate in which he presumably was interested. The consideration of the agreement was that for $2,000 in the defendant's notes, on time, the plaintiff was to forego her claim against the export company of $2,000, with interest thereon for several years, and that the father's estate was to be enabled, at its leisure, to protect its interest in and against the company as it saw fit. If the company was responsible, the defendant was making a good profit by taking up the loan; if it was in doubtful circumstances, he was protecting his father's estate, and the surrender of the plaintiff's rights, to which he naturally succeeded, was a good consideration. We conclude, therefore, that the agreement was an original agreement, unprejudiced by the Statute of Frauds. It was not collateral to any other existing obligation, but was a final adjustment of the loans, so far as the plaintiff was concerned. If defendant, in any

form, relieved the company of the obligation to the plaintiff, at its request, he became thereby a creditor of the company. The company ceased to be liable to her and the defendant became the creditor in her place.

When the defendant wrote, " I have taken it upon myself to settle the question * * * and * * * have decided to take up this loan myself on behalf of the estate, in the shape of five-notes," he evidently intended, and was understood to mean, that he would give his notes for the amount. We cannot infer that he was offering to give the estate's notes. It is more natural to assume, as stated, that he was to take over these loans and give his own notes for a less amount in place of them. The judgment should, therefore, be affirmed, with costs.

All concurred; SEWELL, J., not sitting.

Interlocutory judgment unanimously affirmed, with costs, with usual leave to defendant to answer on payment of costs in both courts.