THE WARREN REFINING AND CHEMICAL COMPANY, Appellant,
*v.* JAMES O. SEBRING, Doing Business under the Firm Name
and Style of EAST MARKET STREET GARAGE, Respondent.

Fourth Department, May 5, 1920.

Courts — City Court of the City of Corning — power to grant
adjournments for more than ninety days — Code of Civil Pro-
cedure, section 2968, not applicable.

The City Court of the City of Corning has power to grant adjournments in a
civil action for more than ninety days under section 93 of the city charter
providing that " all provisions of law applicable to justices of the peace in
towns and the courts held by them, and the proceedings had before
them, and to their official acts, duties and powers, shall apply to the City
Court and the judge thereof, except as qualified by this act," and section
96 of said charter providing that " The court may, in its discretion, grant
one or more adjournments of a trial of an action * * * for such time
and upon such terms as it may deem just; " section 2968 of the Code of
Civil Procedure, which limits the period of adjournment in Justices'
Courts, does not apply to the City Court of the City of Corning.

CLARK, J., dissents.

APPEAL by the plaintiff, The Warren Refining and Chemical
Company, from a judgment of the County Court of the
county of Steuben in favor of the defendant, entered in the
office of the clerk of the county of Steuben on the 9th day
of September, 1918, reversing a judgment rendered in the City
Court of the City of Corning on June 2, 1917.

*Stowell & Ryon* [*Claude V. Stowell* of counsel], for the
appellant.

*James O. Sebring,* for the respondent.

HUBBS, J.:

This is an appeal by the plaintiff from a judgment of the
Steuben County Court, which reversed a judgment rendered
by the City Court of the City of Corning against the defend-
ant. The learned county judge, in his opinion, places the
reversal upon the ground that the adjournments granted to
the plaintiff in the City Court, taken together, were for a
period of more than ninety days after the joining of issue.
He holds that section 2968 of the Code of Civil Procedure,
which limits the period of adjournment in Justices' Courts,

applies to the City Court of the City of Corning. In this we think the learned county judge fell into error.

In 1905 the Legislature passed " An act to revise the charter of the city of Corning." (Laws of 1905, chap. 142.) That act established a City Court, known as " the City Court of the City of Corning." It defines the jurisdiction and powers of that court. It provides for a city judge with a salary of $1,200 per year, also for an official stenographer, and for the costs and practice in said court. (§§ 86–100.) It follows, in a general way, the provisions of the Code of Civil Procedure applicable to Justices' Courts, but there are many substantial differences. For instance, the court has jurisdiction in contract actions on claims not exceeding $500 (§ 88) while the jurisdiction of Justices' Courts is limited to $200 (Code Civ. Proc. § 2862, subd. 1). Section 93 provides that the practice and jurisdiction of said court " shall be the same as in courts of justices of the peace in towns, *except as otherwise provided in this act*, and all provisions of law applicable to justices of the peace in towns and the courts held by them, and the proceedings had before them, and to their official acts, duties and powers, shall apply to the City Court and the judge thereof, *except as qualified by this act.*"

Section 94 provides that the court may grant an order to show cause why a default should not be opened and a new trial granted, and may grant a new trial upon such terms as it deems proper. No such extensive power and jurisdiction is conferred upon a justice of the peace or upon Justices' Courts.

Section 96 provides that " The court may, in its discretion, grant one or more adjournments of a trial of an action or the hearing of a motion or other proceeding, for such time and upon such terms as it may deem just, * * *. Subject to the approval of the judge of the court, any action or special proceeding may be adjourned after issue is joined, by stipulation signed by the parties or their attorneys, and filed with the court." This practice is very much different from the practice in Justices' Courts. The section vests the city judge with a discretion as to the length of time for which an adjournment may be taken and the terms upon which it shall be granted. No such discretion is vested in a justice of the

First Department, May, 1920.                    [Vol. 192.

peace, neither is there any provision of law providing for the adjournment of a hearing of a motion in Justices' Courts.

We think that the power and jurisdiction of the city judge to grant adjournments, and the time of such adjournments, were intentionally excluded from the provision of section 93 which adopted generally the practice and jurisdiction of Justices' Courts as applicable to the City Court. We think that the power and jurisdiction conferred upon the city judge by section 96 comes within the exceptions referred to in section 93, and that the power and jurisdiction of the City Court to grant adjournments for more than ninety days was not limited or affected by section 2968 of the Code of Civil Procedure. It is a familiar rule of statutory construction that where one statute is general and another is special, and there is repugnancy between them, the special statute will prevail over the general statute.

The judgment of the County Court should be reversed, with costs, and the judgment of the City Court affirmed, with costs.

All concur, except Clark, J., who dissents upon the ground that the evidence is insufficient to show delivery of the goods at Cleveland.

Judgment of County Court reversed and judgment of City Court of Corning affirmed, with costs in this court and in County Court to the plaintiff.