RANDALL HENDERSON, Respondent, *v.* MARY G. SHEPPARD, Appellant.

Second Department, February 13, 1931.

*William Harvey Smith*, for the appellant.

*Charles Everett Moore* [*Henry C. Henderson* with him on the brief], for the respondent.

TOMPKINS, J. Concededly, the defendant was indebted to the plaintiff in the sum of $900 for architectural work. Plaintiff, being unable to collect from the defendant, asked her son Ferdinand to give him a couple of promissory notes that could be discounted at the bank, in reply to which the son stated that he would see his mother " and talk it over." A short time later the son reported to the plaintiff that he had seen the defendant and that he would give plaintiff two notes for $450 each, payable, respectively, sixty and ninety days after date. Such notes were executed by defendant's son as the maker thereof and were given to and accepted by the plaintiff, who testified on the trial that he received them in payment of the defendant's indebtedness to him. Plaintiff testified: " Q. Now, when you received those notes from Mr. Sheppard you

accepted those notes, did you not? A. In payment. Q. Yes, in payment? A. Yes. * * * Q. In payment for what? A. In payment for the bill that Mrs. Sheppard owed for the plans and specifications. Q. That bill was how much? A. $900." The notes were not paid at their maturity, and thereafter plaintiff brought an action thereon against the defendant's son, Ferdinand Sheppard, and recovered a judgment against him for the amounts due on the notes for principal and interest. Not having collected the judgment, the plaintiff brought this action in the Westchester County Court against the defendant, the original debtor. A jury gave the plaintiff a verdict, upon which the judgment was entered from which this appeal was taken.

I think there was a complete novation in this case by plaintiff's acceptance of the son's promissory notes for his entire claim against the defendant. All of the elements of a novation seem to exist. *First,* by the verdict of the jury in plaintiff's favor the original obligation on defendant's part is established. *Second,* there was consent by the three parties concerned to the substitution of the son's promissory notes for the defendant's obligation to the plaintiff, because it appears without dispute that after plaintiff requested defendant's son to give him his notes, the son saw his mother and obtained her consent, after which the notes were given by the defendant's son and accepted by the plaintiff, and, as he testified, in payment of his claim against the defendant, and thereby a new contractual relation was created by which the son was substituted for the defendant as plaintiff's debtor, and the defendant's obligation was extinguished.

In 46 Corpus Juris, page 596, section 38, it is stated that " a novation of debtors is effected where a creditor, in release and satisfaction of his original debt, accepts the note or other security of a third person."

In the case of *Held* v. *Caldwell-Easton Co.* (97 App. Div. 301) a corporation indebted to Held upon a promissory note gave to Held an order for the amount of the note upon one Dewey, who was indebted to said corporation. Held presented the order to Dewey for acceptance, and while the latter did not at once accept it, he subsequently gave Held credit for the amount thereof, who subsequently sent the corporation a letter stating that the order upon Dewey had been settled by notes, and the court, in holding that a novation existed, said: " In the present case we have proof not only that the plaintiff looked to Dewey [the new debtor] instead of to the defendant for the payment of the $300 represented by the note in suit, but that the claim of the plaintiff upon that obligation was actually discharged by means of a credit and note given by

Dewey, which were declared by the plaintiff to have been received in settlement."

In the case of *Froude* v. *Fleischmann* (178 App. Div. 257) the Appellate Division held: " The treasurer of a corporation in which his father's estate was largely interested as a creditor and otherwise, and which was indebted to the plaintiff for moneys loaned, for the enforcement of the payment of which the plaintiff had taken active steps, replied to a letter written to his mother, the executrix of the estate, as follows: ' I have taken it upon myself to settle the question   *   *   *.   I have decided to take up this loan myself on behalf of the estate in shape of five notes,' which he agreed to pay with interest.   The plaintiff in an action to recover the amounts which would become due on said notes if they had been delivered as proposed, alleged that he discontinued the collection of his claim and canceled and surrendered the same with interest and accepted the offer of the defendant to take the notes, which the defendant refused to deliver."

And in the case of *Lane & Co.* v. *United Oil Cloth Co.* (103 App. Div. 378) it was held that it is not necessary that there shall be an express agreement for a novation or substitution of parties to a contract.   It may be implied.

From the undisputed facts in the case at bar, an intention on the part of the plaintiff to substitute the defendant's son as his debtor and to release and discharge the defendant from her obligation is, at least, to be inferred, and I think the plaintiff's testimony justifies the conclusion that, by his acceptance of the notes in payment of his claim against the defendant and by his subsequent suit against the son on said notes for the enforcement of the new contractual relation, he consented thereto.

The judgment and order should be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., YOUNG and CARSWELL, JJ., concur; HAGARTY, J., dissents.

Judgment and order of the County Court of Westchester county reversed upon the law and the facts, with costs, and complaint dismissed, with costs.