MINNIE GOLD and HYMAN GOLD, Appellants, v. EMBASSY TRANSPORTATION CORP., Respondent, and JOHN GERACI, Defendant.— Plaintiffs, while passengers in a taxicab owned by respondent, Embassy Transportation Corp., were injured when the taxicab collided with an automobile owned and operated by defendant Geraci. On the trial plaintiffs discontinued as to defendant Geraci. Judgment in favor of respondent, Embassy Transportation Corp., unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of PORT CHESTER CENTRAL CORPORATION, Respondent, for a Writ of Certiorari, to WILLIAM D. HILL, Assessor of the Village of Port Chester, N. Y., WM. BURDELL BANISTER, Mayor of the Village of Port Chester, N. Y., and THOMAS F. J. CONNOLLY and Others, Composing the Board of Trustees of the Village of Port Chester, New York, Appellants.— Appeal from original order denying motion to quash writ of certiorari dismissed, without costs. Order granting reargument of·motion to quash writ of certiorari to review an assessment and, on reargument, denying motion to quash writ of certiorari, affirmed, with ten dollars costs and disbursements. In our opinion the fifteen-day limitation period set forth in the amendment (section 2-a) to the Charter of the Village of Port Chester (Laws of 1933, chap. 721) was a reference to and repetition of the period of fifteen days as then limited in the Tax Law (Laws of 1909, chap. 62, § 291). The intent of the charter provision is to make applicable the review of assessments set forth in the Tax Law. Under the circumstances, the Tax Law provision (§ 291), inclusive of the subsequent amendment of the period of limitation to thirty days (Laws of 1935, chap. 296), is applicable. The village charter (*supra*) contained no independent method for review of assessments. It afforded such review in accordance with the pertinent provisions of the Tax Law, inclusive of its subsequent amendments, which must be deemed controlling. (*Peterson* v. *Martino*, 210 N. Y. 412.) Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs in the dismissal of the appeal from the original order denying the motion to quash the writ of certiorari; but dissents from affirmance of the order entered on reargument and votes to modify said order by striking from the second ordering paragraph the word " denied," and by inserting in place thereof the word " granted; " and, as thus modified, to affirm, with the following memorandum: The reference to the Tax Law in the village charter is not as to time but only to the procedure provided for in sections 291 to 295 of the Tax Law.