THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORTHCHESTER CORPORATION, Respondent, against WILLIAM S. MILLER et al., as Members of the Tax Commission of the City of New York, Appellants.

Argued April 13, 1942; decided June 4, 1942.

*William C. Chanler, Corporation Counsel (Paxton Blair* and *Arthur A. Segall* of counsel), for appellants. Since the writ of certiorari was not issued until January 8, 1941, the requirement of the New York City Charter that the proceeding " be begun before the twenty-fifth day of October " 1940, was not complied with. The fact that an order allowing a writ was issued on October 16, 1940, does not cure the defect, since the order was issued *ex parte*, in violation of the express requirement of notice laid down by section 1289 of the Civil Practice Act. (*Clare* v. *Lockard*, 122 N. Y. 263; *Schram* v. *Keane*, 279 N. Y. 227; *Hamilton* v. *Royal Insurance Co.*, 156 N. Y. 327; *Erickson* v. *Macy*, 236 N. Y. 412; *Ross* v. *Luther*, 4 Cow. 158; *Matter of Tombini*, 177 Misc. Rep. 148; 262 App. Div. 956; *Matter of Dorfman* v. *Jacobs*, 100 Misc. Rep. 592; *Louisville & Nashville R. Co.* v. *Little*, 264 Ky. 579; *Webster* v. *Sharpe*, 116 N. C. 466; *Worcester Color Co.* v. *Wood's Sons Co.*, 209 Mass. 105; *Citizens Bank* v. *Taylor*, 201 Iowa, 499.)

The Special Term lacked power to enter an order on January 8, 1941, directing the service and filing of the writ *nunc pro tunc.* (*Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122; 278 U. S. 647; *Lambert* v. *Lambert*, 270 N. Y. 422; *Lavalle* v. *Skelly*, 90 N. Y. 546; *Hoffman* v. *Manhattan Ry. Co.*, 149 N. Y. 599; *Fink* v. *Wallach*, 109 App. Div. 718; *Wilson & Co.* v. *Banque Francaise du Mexique*, 124 Misc. Rep. 690; *People ex rel. Taber Prang Art Co.* v. *Wells*, 39 Misc. Rep. 602.)

No appearance for respondent.

*Thomas E. Huser, amicus curiæ.* The proceeding was commenced when the petition was presented to the court and the order obtained. (*People ex rel. Taber Prang Art Co.* v. *Wells*, 39 Misc. Rep. 602; *People ex rel. American Sugar Refining Co.* v. *Sexton*, 274 N. Y. 304; *People ex rel. Lazarus* v. *Feitner*, 65 App. Div. 318; 169 N. Y. 604; *People ex rel. Lehigh Valley R. W. Co.* v. *Clover*, 174 Misc. Rep. 44.) There is an important distinction between a writ under article 13 of the Tax Law and a summons in a civil action. (*People ex rel. Manhattan R. Co.* v. *Barker*, 152 N. Y. 417; *Mercantile Nat. Bank* v. *Mayor*, 172 N. Y. 35.) Having acquired jurisdiction, the court possessed the power to relieve from the failure to serve the writ at least twenty days before the return day. (*People ex rel. Durham Realty Corp.* v. *Cantor*, 234 N. Y. 507; *People ex rel. N. Y. City Omnibus Corp.* v. *Miller*, 282 N. Y. 5; *People ex rel. DiLeo* v. *Edwards*, 247 App. Div. 331; *People ex rel. Denny* v. *Clark*, 257 App. Div. 905; *People ex rel. Staten Island R. T. R. Co.* v. *Taylor*, 247 App. Div. 405.)

LEWIS, J. Questions of procedure are to be determined involving that phase of tax administration under section 166 of the Charter of the City of New York (effective January 1, 1938) which fixes the time when certiorari to review an assessment must be commenced.

The relator seeks by certiorari to review the determination of the City Tax Commission which fixed the valuation for tax purposes of its real property on East Fortieth street for the year 1940–1941. The Tax Commission, as appellant before us, asserts that the present proceeding is barred by the Statute of Limitations to be found in section 166 of the City Charter.

The City Charter (§ 165) requires that " The final determination of the tax commission upon any application for the correction of an assessment shall be rendered not later than the twenty-fifth day of May. Otherwise, the assessment objected to shall be deemed to be the final determination of the tax commission." Then follows the provision which has given rise to the present controversy:

" § 166. Certiorari to review final determination of the tax commission. A certiorari to review or correct on the merits any final determination of the tax commission may be had as provided by law, and if brought to review a determination mentioned in section one hundred sixty-five must be begun before the twenty-fifth day of October following the time when the determination sought to be reviewed or corrected was made."

It is the claim of the Tax Commission that, upon facts which are not controverted, the present proceeding is void because, within the requirements of section 166, it was not " begun before the twenty-fifth day of October " of the tax year involved.

Concededly the determination which the relator would review was made by the Tax Commission in May, 1940, as required by section 165. Thereafter, on October 16, 1940, in an attempt to review that determination, the relator applied ex parte to the Supreme Court at Special Term for an order directing the issuance of a writ of certiorari. The ex parte order then granted directed the issuance of a writ to the Tax Commission, and required that it be served at least twenty days before the return day thereof. The order contained the further direction that the Tax Commission should serve upon counsel for the relator a copy of its return within ten days after service of the writ.

The record shows, however, that the order of October 16, 1940, was not filed and no writ was issued and served upon the Tax Commission until on or after January 8, 1941,— more than seventy days after the latest date, October 24, 1940, when, according to the limitation fixed by section 166 of the Charter, the present certiorari proceeding could be " begun."

The relator-respondent contends that its conceded failure to file the original ex parte order of October 16, 1940, which directed the issuance of a writ, and its failure to cause a writ to be issued and served until after October 24, 1940, was cured by an order

granted January 16, 1941, at Special Term, which has been unanimously affirmed at the Appellate Division and is now the subject of this appeal. It is the relator's claim that the Special Term order which directed " that the writ of certiorari be served and filed *nunc pro tunc*," affords legal sanction for its present position, viz., that within the statutory time limitation the proceeding now before us was " begun before the twenty-fifth day of October following the time when the determination sought to be reviewed or corrected was made." (§ 166, *supra.*)

To secure the order last mentioned above the relator filed with Special Term a petition verified November 16, 1940, in which were restated those directions contained in the original order of October 16, 1940, which fixed the time when a writ to be issued thereunder should be served. Then followed the statement that " Through oversight petitioner has failed to serve said writ." It was upon that statement of fact, and others not material here, that the petitioner sought anew the aid of the court and asked that " a *new* writ be issued herein, advancing the return date of said writ and requiring relator herein to serve a copy of said *reissued* writ on the tax commission at least twenty days before the new return day * * *." (Emphasis supplied.) Despite objections interposed on behalf of the Tax Commission, based upon the time limitation fixed by section 166, Special Term granted the order dated January 16, 1941, which directed " that the writ of certiorari be served and filed *nunc pro tunc* and that returns to said writ be filed on or before February 26, 1941." Upon the unanimous affirmance of that order by the Appellate Division two questions were certified for our determination:

" 1. Under the New York City Charter, section 166, which provides that a certiorari to review a tax assessment must be begun before the 25th day of October following the time when the determination sought to be reviewed or corrected was made, is such a proceeding begun in due time where the relator, before that date, filed its petition for a writ and obtained an order allowing the writ, but did not serve the said writ upon the defendants before the 25th day of October?

" 2. If the preceding question be answered in the affirmative, did the court have jurisdiction to grant the order of January 16,

1941, directing that the writ of certiorari be served and filed *nunc pro tunc?* "

In considering the first certified question we look to those statutory provisions where actions and special proceedings are given definition and correlated and to those other statutes which deal with the commencement of actions.

An action, when applied to judicial proceedings, is defined by section 4 of the Civil Practice Act as signifying " an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." By section 5 (id.) every other prosecution by a party for such purposes is a special proceeding. (See, also, General Construction Law, § 46-a [Cons. Laws, ch. 22].) And when rules of limitation applicable to a civil action or special proceeding were set forth in article 2 of the Civil Practice Act, the following sentence was made a part of section 10: " The word ' action ' contained in this article is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein or in an action." (See, also, Rules of Civil Practice, rule 21.) Having thus assimilated actions and special proceedings the same article provides: " § 16. When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him. * * * " (See, also, § 218.)

This court had occasion to consider section 4 of the Civil Practice Act, quoted above, and kindred statutes, in *Schram* v. *Keane* (279 N. Y. 227, 233), where it dealt with the question as to when an action was commenced which — unlike the proceeding now before us — involved a provisional remedy. The opinion (per LEHMAN, J.) states: " There can be no ' prosecution * * * by a party against another party ' until the defendant has been summoned to answer the complaint. An adjudication which is the purpose of an action can be made only where through service of a summons the defendant has received notice and opportunity to be heard." In line with that statement of the principle which governs the rule applicable to our present problem, and in an obvious effort to extend that principle to motions incidental to an action or special

proceeding, we note that the Legislature has recently amended section 113 of the Civil Practice Act to provide that "A motion is made when a notice thereof or an order to show cause is duly served." (L. 1941, ch. 266.) It is that principle, when considered against the background of statutory provisions already quoted from the Civil Practice Act, which has led us to conclude that a certiorari proceeding to review a tax assessment is not "begun," within the time limit fixed by section 166 of the New York City Charter, where, as in the present case, nothing more is done by the aggrieved taxpayer before the end of the period fixed by statute to commence certiorari, than to obtain a court order which directs that a writ shall issue and fixes the time within which service of the writ shall be made.

On October 24, 1940 — the last date on which a certiorari proceeding might have been "begun" by the relator (§ 166) — there had not been issued, and of course there had not been served upon the Tax Commission, the writ which constitutes process by which certiorari may be instituted. The subsequent service of a writ bearing date January 8, 1941, did not constitute due and timely process within the rigid time limitation fixed by section 166. The default by the taxpayer, who inadvertently failed to cause the writ to be issued and served prior to the statutory date, was not an irregularity for which Special Term could afford relief. "The rules and practice of the court being established by the court, may be made to yield to circumstance, to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the court as from its suitors." (*Jackson* v. *Wiseburn*, 5 Wend. 136, 137; *Wait* v. *Van Allen*, 22 N. Y. 319, 321.) The default was jurisdictional.

The orders should be reversed and the determination of the City Tax Commission confirmed, with costs in all courts. Certified question numbered "1" is answered in the negative. Certified question numbered "2" is not answered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.