THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAVORY, INC., Respondent, against JOHN R. PLUNKETT et al., Constituting the Board of Assessors of the City of Buffalo, Appellants.

Argued November 30, 1945; decided March 7, 1946.

*Andrew P. Ronan, Corporation Counsel* (*Abraham I. Okun* of counsel), for appellants. I. The fifteen-day limitation of the Charter of the City of Buffalo did not suffer a silent repeal by the subsequent enactment, amending the Tax Law. (*Burke* v. *Kern,* 287 N. Y. 203; *Buffalo Cemetery Assn.* v. *City of Buffalo,* 118 N. Y. 61; *Fulton* v. *Krull,* 200 N. Y. 105; *Peterson* v. *Martino,* 210 N. Y. 412; *People ex rel. Sheldon* v. *Board of Appeals,* 234 N. Y. 484; *Carroll* v. *McArdle,* 216 N. Y. 232; *People ex rel. Leet* v. *Keller,* 31 App. Div. 248, 157 N. Y. 90; *Matter of Deth* v. *Castimore,* 245 App. Div. 156; *Sheridan* v. *Weber,* 252 App. Div. 398; *People ex rel. American Sugar Refining Co.* v. *Sexton,* 274 N. Y. 304; *Rogers* v. *Village of Port Chester,* 234 N. Y. 182.) II. The fifteen-day limitation of the Buffalo Charter is complete in itself and controls the Tax Law provision. (*People ex rel. Schwarz* v. *Miller,* 281 N. Y. 554; *People ex rel. Northchester Corp.* v. *Miller,* 288 N. Y. 163.)

*Lyndon Wilson* for respondent. The fifteen-day limitation in section 327 of the Charter of the City of Buffalo was repealed by the enactment of chapter 296 of the Laws of 1935 amending the limitation of section 291 of the Tax Law to thirty days. (*Peterson* v. *Martino,* 210 N. Y. 412; *Fulton* v. *Krull,* 200 N. Y. 105; *Pratt Institute* v. *City of New York,* 183 N. Y. 151; *Cone* v. *Lauer,* 131 App. Div. 193; *Matter of Port Chester Central Corp.,* 260 App. Div. 944.)

DYE, J. The relator herein, as the owner of real property situated in the city of Buffalo, instituted this certiorari proceeding to review a tax assessment levied for the year 1944 by the Board of Assessors by filing a petition on March 29, 1944,

which date was more than fifteen days but less than thirty days after the final completion of the assessment rolls.

The denial at Special Term of a motion by the Board of Assessors to dismiss the petition on the ground that the commencement of the proceeding was not timely within the meaning of the Charter of the City of Buffalo has been affirmed by the Appellate Division and leave to appeal granted from its non-unanimous order on a certified question of law, viz.: "Did this Court err, as a matter of law, in making its order of May 2, 1945? "

The Charter of the City of Buffalo was adopted at a referendum of the voters of the city at a special election held August 29, 1927, pursuant to chapter 363 of the Laws of 1924. It carried over from the preceding charter (L. 1914, ch. 217, § 117, as amd. by L. 1916, ch. 260), a fifteen-day limitation within which to institute proceedings to review tax assessments, and added a new provision to review special franchise assessments as provided by the Tax Law, both of which provisions were incorporated in the charter as section 327, article 18, " ACTIONS AND PROCEEDINGS ". The remainder of section 117 of the original Charter was incorporated in section 554, article 29, " TAX AND ASSESSMENT ROLLS ". For convenience, section 327 is quoted as follows: "§ 327. *Certiorari to review general assessment.* No proceeding shall be brought to review any assessment on the general rolls, or any of them, unless the petition for the writ is presented to a justice of the supreme court or at a special term of the supreme court in the judicial district in which the assessment complained of was made within fifteen days after the final completion of said assessment rolls and the publication of the notice thereof as required by section five hundred fifty-four. In any such proceeding the total assessment only can be reviewed. Assessments of special franchises may be reviewed as provided by the tax law." (Local Law, No. 4 of City of Buffalo, 1927 [published in Local Laws, 1932, p. 21].)

At the time of the adoption of the Charter of the City of Buffalo in 1927, section 291 of the Tax Law also provided a fifteen-day limitation for the commencement of certiorari proceedings to review a tax assessment. This time limitation has been enlarged to thirty days (L. 1935, ch. 296). No correspond-

ing increase has been made in the Charter of the City of Buffalo. This does not mean that its designated time limitation has thereby been superseded and repealed. It is only when the charter is silent on matters of practice and procedure for the review of a tax assessment that reference to the general Tax Law is necessary (*People ex rel. N. Y. C. R. R. Co.* v. *Block,* 178 App. Div. 259, appeal dismissed 221 N. Y. 652; *People ex rel. American Sugar Ref. Co.* v. *Sexton,* 274 N. Y. 304; *People ex rel. Empire Mortgage Co.* v. *Cantor,* 198 App. Div. 317, affd. 234 N. Y. 507; *Peterson* v. *Martino,* 210 N. Y. 412); or when specific reference is made to the Tax Law (*Matter of Port Chester Central Corp.* v. *Hill,* 260 App. Div. 944). It is otherwise when the charter contains a complete scheme for the review by certiorari of a tax assessment (*Fulton* v. *Krull,* 200 N. Y. 105). An examination of the Charter of the City of Buffalo, as a whole, brings us to the inescapable conclusion that it contemplated and, in fact, provides for a complete procedural enactment for the review of assessments. Its provisions as to limitation of time in such cases must be deemed controlling. To hold otherwise is to disregard the long recognized rule of statutory construction that a general act will not repeal a special act unless the Legislature clearly intended to do so (1 McKinney's Statutes, § 396) and would necessitate extensive changes in the administration of the fiscal affairs of the city. To mention only the most obvious, the time for submitting the Mayor's budget, which is an estimate of the revenues needed for the fiscal year, on or before May 15th (Executive Budget, art. 6, § 86); and the consideration by the Common Council of the budget at its first meeting. If changes are made therein, it must be returned to the mayor on or before the 15th of April, for his approval and, if he objects to the changes, it may be considered by the council and adopted by a two-thirds vote on or before the first day of May (Common Council, art. 3, § 39). The necessity of the fifteen-day limitation for the commencement of certiorari proceedings becomes apparent.

Neither can we invoke sections 4 and 113 of the Civil Practice Act, for, in any event, the commencement of the proceeding must be timely. Here the proceeding is not timely when measured by the charter.

The orders should be reversed, with costs to the appellants, and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion. The certified question should be answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and MEDALIE, JJ., concur.

Ordered accordingly.