BERT T. BAKER, Plaintiff, *v.* FLOYD H. SPRINGER, as City Clerk of the City of Ithaca, Defendant.

Third Department, May 8, 1946.

*Norman G. Stagg,* attorney (*J. Arthur Noble* and *Truman K. Powers* with him on the brief), for plaintiff.

*D. Boardman Lee,* attorney for defendant.

FOSTER, J. This controversy, involving the office of City Judge of the City of Ithaca, N. Y., is submitted upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

The Ithaca City Court Act, section 2, provides in part: "§ 2. *Qualification and election of judge.* * * * The city judge shall be an attorney and counsellor of the supreme court of the state of New York of not less than five years' standing

and a resident elector of the city of Ithaca for not less than three years, and upon his ceasing to be such the office shall become ipso facto vacant. Election to such office shall not bar him from the general practice of law." (L. 1931, ch. 415.)

Plaintiff was nominated for the office of City Judge and elected at the general election held on November 6, 1945, by the greatest number of votes. Concededly he has all the qualifications required by the City Court Act. The Commissioners of Election of Tompkins County certified his election, and on November 23, 1945, he filed an oath of office with the City Clerk of the city of Ithaca. On January 1, 1946, he purported to assume the duties of the office. Plaintiff was born March 3, 1872, and became seventy years of age on March 3, 1942. The defendant is the City Clerk of the City of Ithaca, and as such is charged with the duty of preparing and certifying the payroll of various city officers and employees, including the City Judge of the City of Ithaca. He refused to certify the name of plaintiff on the semimonthly payroll for the period ending January 15, 1946, and has refused to pay the plaintiff the salary due for that period, which amounts to $131.25. He denies that plaintiff is entitled to receive any salary as City Judge on the ground that he is ineligible to serve in such office under the provisions of section 23 of the Judiciary Law.

Section 23 of the Judiciary Law (as amd. by L. 1945, ch. 649, § 12, eff. April 9, 1945) provides: " § 23. *Age limitation on term of judicial office.* No person shall hold the office of judge, justice or surrogate of any court, whether of record or not of record, except a justice of the peace of a town or police justice of a village, longer than until and including the last day of December next after he shall be seventy years of age, except that a judge or justice in office or elected or appointed to office at the effective date of this section, as to whom no provision limiting his right to hold office to the close of the year following his attaining the age of seventy years was applicable prior to the effective date of this section, may continue in office during the term for which he was elected or appointed."

The Ithaca City Court is not a court created by the judiciary article of the Constitution, but was created by special act of the Legislature under the authority conferred on it by section 18 of article VI of the State Constitution.

We have thus involved in this controversy a special act and a general act of the Legislature. It is a familiar canon of statutory construction that where there is a conflict between a general and a special statute the special statute will control

(*Warren Refining & Chemical Co.* v. *Sebring*, 192 App. Div. 14). Inversely if there is no repugnancy the requirements of the general act must be followed. It should be noted in this instance that there is no conflict. The special act creating the Ithaca City Court contains no reference to an age limitation for judicial incumbents. The general act places such a limitation upon all judicial officers, whether of record or not of record, except justices of the peace and police justices. The statutes are in no way inconsistent; the general act merely supplements the special act. Hence the limitation expressed in the general act is applicable. Under its provisions and the conceded facts, the plaintiff is not entitled to assume the duties of City Judge of the City of Ithaca.

The defendant should have judgment in conformity with this opinion and without costs.

HILL, P. J. (dissenting). This is a submitted controversy asking a determination as to the eligibility of plaintiff, who had passed the age of seventy when elected, to hold the office of City Judge of Ithaca. A special statute the " Ithaca City Court Act " (L. 1931, ch. 415) fixes the qualifications. " The city judge shall be an attorney and counselor of the supreme court of the state of New York of not less than five years' standing and a resident elector of the city of Ithaca for not less than three years ".

It is contended that the general statute (Judiciary Law, § 23, as amd. by L. 1945, ch. 649) limiting the incumbency to persons who had not attained the age of seventy years, prevents plaintiff from enjoyment of the office to which he has been elected.

A special law is not repealed by a general statute, and if there be conflict between the two, the provisions of the special statute will prevail. (*Burke* v. *Kern,* 287 N. Y. 203; *City of New York* v. *Interborough R. T. Co.,* 257 N. Y. 20; *People* v. *Quigg,* 59 N. Y. 83; *Warren Refining & Chemical Co.* v. *Sebring,* 192 App. Div. 14; *People ex rel. Savory, Inc.,* v. *Plunkett,* 295 N. Y. 180.)

The special act requires that the city judge be at least twenty-six years of age, for he must have been an attorney for not less than five years, and he could not become an attorney until he arrived at full age (Judiciary Law, § 460) and by the implication of another provision in the special act, there is a requirement of an age greater than twenty-one years. The assumption of early senility (the last day of the year in which an incumbent becomes seventy) is statutory in this State, but

does not obtain as to the courts of the nation or of all the States. The special act in terms, by two provisions, requires that the incumbent shall be more than twenty-one years of age. The omission of the maximum age indicates a legislative intent to place no limitation thereon. *Expressio unius est exclusio alterius.*

Plaintiff should be entitled to judgment.

HEFFERNAN, BREWSTER and LAWRENCE, JJ., concur with FOSTER, J.; HILL, P. J., dissents in a memorandum.

Judgment for the defendant, without costs.