In the Matter of BAPPS CORPORATION, Respondent, against BOARD OF ASSESSORS OF THE CITY OF BUFFALO, Appellant.

In the Matter of BELL AIRCRAFT CORPORATION, Respondent, against BOARD OF ASSESSORS OF THE CITY OF BUFFALO, Appellant.

Fourth Department, January 16, 1952.

In first proceeding: *Fred C. Maloney, Corporation Counsel* (*Abraham I. Okun* of counsel), for appellant.

*George W. Goetz* for respondent.

In second proceeding: *Fred C. Maloney, Corporation Counsel* (*Abraham I. Okun* of counsel), for appellant.

*Horace C. Winch* and *William B. H. Sawyer,* for respondent.

*Per Curiam.* This is an appeal in each of the above-entitled proceedings from an order of Special Term, denying the appellant's motion to dismiss a proceeding brought by the petitioner-respondent under article 13 of the Tax Law to review a tax assessment on its real property. The board of assessors, as appellant, asserts that said proceeding is barred by section 327 of the Charter of the City of Buffalo, which fixes the time within which the petition for a writ of certiorari must be presented to the court.

After May 1, 1949, there could be no review of a tax assessment by certiorari. The statute which abolished the writ (L. 1949, ch. 551) is made applicable to all special proceedings to review tax assessments thereafter commenced (ch. 551, § 11) and did not reserve to the City of Buffalo the right to review by certiorari; it does not conflict with but merely supersedes section 327 of the Charter of the City of Buffalo. The new legislation provides (Tax Law, § 290-a) a time limitation within which the statutory proceeding erected therein should be commenced, and further provides that commencement be effected by service of petition and notice (Tax Law, § 290-b). It was definitely held in *People ex rel. Northchester Corp.* v. *Miller* (288 N. Y. 163) that

presenting a petition or obtaining an order for a writ of certiorari does not commence the proceeding. We do not think that *People ex rel. Savory, Inc.*, v. *Plunkett* (295 N. Y. 180) decided prior to the 1949 legislation, wherein a time limitation for the commencement of a proceeding was not an issue, was intended to overrule that decision.

Although the City Charter (§ 327) provides that a petition for a writ of certiorari must be presented within fifteen days after the final completion of the assessment rolls, as a condition precedent to the commencement of the proceeding, it fails to fix any time limitation for the actual commencement of the proceeding.

It follows, therefore, that the Tax Law, which includes, for the first time, a limitation of time within which the proceeding must be commenced, is controlling.

The order of the Special Term in each of the above-entitled proceedings should be affirmed, with $10 costs and disbursements.

PIPER, J. (dissenting). I cannot agree with the decision here made. The new procedure for reviewing a tax assessment was recommended by the Judicial Council. I quote from its Fifteenth Annual Report (Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 79) : " The proceeding would be commenced by the service of a petition on the taxing authority within thirty days after the final completion and filing of the tax roll (recommended new section 290-a), unless a different time limitation is applicable, by virtue of a provision in a city charter, code or other law of local reference * * *." And from the same report at page 333 : " The phrase, ' unless otherwise prescribed by law ' [§ 290] is intended to codify the law on this point and to serve as a caveat to the practitioner that special laws may govern." " It is proposed to effect a general amendment to these laws by providing that such references shall be deemed to refer to the new procedure." " However, it is not proposed by these amendments to effect any change in the substantive rights of either party."

While I will agree that the statute (L. 1949, ch. 551) might have set forth in more exact language that the time limitations in any special or local act for the commencement of the proceedings by presentation of a petition for a writ, should be deemed amended to read that the petition should be served within such period, still it seems to me the intention was clear, and any one well versed in the Tax Law should not have been

confused by the change in procedure. Certainly it would take no more effort to serve the petition on the proper officer or officers than was required to present the petition for the writ to the Special Term.

I think we are bound by the decision in *People ex rel. Savory, Inc.,* v. *Plunkett* (295 N. Y. 180, 183) wherein the provisions of the Buffalo City Charter relating to the review of tax assessments and the fiscal affairs of the city were reviewed and the court said: " The necessity of the fifteen-day limitation for the commencement of certiorari proceedings becomes apparent." The court there decided that the time limitation of fifteen days set forth in section 327 of the charter prevailed over the thirty-day limitation in the Tax Law.

*People ex rel. Northchester Corp.* v. *Miller* (288 N. Y. 163) relied on by the majority, is not, in my opinion, authority for a different decision than was made in the *Savory* case. In the *Northchester* case provisions of the New York City Charter were the subject of review and the court held that under those provisions the obtaining of an order directing the issuance of a writ within the required time, the writ not being issued or served until after the time limitation had expired, was not a compliance with the charter provision that the proceeding " must be begun before the twenty-fifth day of October * * *."

The clear language of the statute (§ 290) calls attention to a careful reader that a local charter provision may supersede the thirty-day limitation of time contained in section 290-a, and, as I have noted above, this was carefully pointed out by the Judicial Council in its report. The decision in the *Savory* case has not, in my opinion, been overruled by the statutory changes in the Tax Law. For these reasons I vote for reversal and a dismissal of the proceedings.

In each proceeding: All concur in *Per Curiam* opinion except PIPER, J., who dissents and votes for reversal and for granting the motion, in an opinion. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

In each proceeding: Order affirmed, with $10 costs and disbursements. [See *post,* pp. 975, 976.]