Matthew M. Levy, J.
The plaintiff herein moves for an order striking the defendant’s answer as sham and for summary judgment pursuant to rules 104 and 113, respectively, of the Rules of Civil Practice.
*916 This defendant, an attorney, represented one Casey in a replevin action, and, on behalf of Casey, as plaintiff in that action, he sought a replevin bond from the present plaintiff, for which Casey was to give collateral. The bond was secured; Casey never provided any collateral; Casey’s action was dismissed for lack of prosecution; plaintiff was required to and did make payment under the bond; and now, in this action, plaintiff seeks to recover its loss upon the basis of defendant’s letter-agreement of indemnity. That letter, dated and delivered September 22, 1955, was written and signed by the defendant, and reads as follows:
“ My client will deposit with you on Wednesday, September 28, 1955 the sum of $2,200.00 as collateral security on the bond which you are writing.
“If my client doesn’t deposit it I will personally give you my guarantee and I hereby obligate myself to execute the necessary forms for the purpose of personally guaranteeing this in the event my client doesn’t deposit this sum with you.
“ This letter is given to you for the purpose of having you execute a bond immediately.
“ Thanking you for your cooperation, I am ”.
The day after the receipt of the letter, the bond was executed by the plaintiff and delivered to the defendant, who used it in the action to replevy the automobile for Casey, his client.
The defendant’s answering affidavit is quite rambling, extremely general, somewhat repetitive and replete with citations of authorities entirely irrelevant to the basic issues. As far as I can gather, he attempts to make several points in opposition to the motion, and I shall endeavor to isolate and consider each of the principal ones.
The defendant indulges in a lengthy dissertation about Casey’s having to flee the jurisdiction, and the reason therefor, and therefore why it was that Casey did not supply the collateral and why the defendant as his attorney was unable to proceed with Casey’s replevin action, and thus Casey’s case was dismissed for lack of prosecution, all through no fault of the defendant. But it is obvious that that entire discussion is wholly irrelevant.
The defendant also attempts to establish an arrangement with the plaintiff that the letter would be returned to the defendant upon the defendant’s furnishing to the plaintiff Casey’s formal application for the bond, which the defendant was and is prepared to do. This argument is of no avail since the letter-agreement, written by the defendant, did not include the claimed *917 condition subsequent (9 Wigmore, Evidence [3d ed.], § 2410, p. 35).
The defendant says there was no consideration for the letter. That claim is specious. It is an agreement of indemnity, pure and simple, was intended as such and must be so construed. It is sufficient consideration that, by reason of the letter, the plaintiff did furnish the bond (Sun Oil Co. v. Heller, 248 N. Y. 28, 32-33).
The defendant urges that, by the letter, he undertook only to give a guarantee in the future and to execute appropriate forms in the event Casey did not deposit the moneys required. It is clear that the document, drafted by the defendant himself, expressed a present undertaking, and, having been fully acted upon by the plaintiff (as was expected would be done), the fact that further documents of guarantee were to be furnished did not vitiate the defendant’s obligation of indemnity then and there assumed. (1240 Third Ave. v. Birns, 232 App. Div. 522, 526.) Suffice it here to note that Casey did not make the deposit.
The further contention is presented that, very early in the proceedings of the replevin action, the plaintiff refused to accept the responsibility of Casey, and, if plaintiff is guilty of laches and causing a change in circumstances by reason of which Casey is no longer available, the plaintiff should not be permitted to hold the defendant liable. There is, however, an utter lack of showing that there was any such refusal on the plaintiff’s part, or that, by reason of any conduct on the part of the plaintiff, the defendant has been discharged of his obligation of indemnity.
It is stated that the defendant was the lawyer, and known by the plaintiff to be the lawyer, for Casey, and that therefore he was Casey’s disclosed agent in executing the letter, and thus is not liable thereon. A reading of the letter reveals quite readily that it was specifically written to be an undertaking of the defendant personally and that he had not written in a representative capacity. (Froude v. Fleischmann, 178 App. Div. 257, 260.)
The next point made is that this is an action for fraud and that summary judgment is not available in such an action. The argument is unsound on both counts.
The motion must be, and it is, granted. However, while the answer is stricken, judgment will not be allowed for $4,000, the sum demanded in the complaint and asked for in the moving papers, or for $2,875, the sum requested in the plaintiff’s brief. *918 While the point has not been made by the defendant, I am of the opinion that his undertaking by way of that letter-agreement was limited to the $2,200 which was the collateral security Casey was to deposit, since it is plain that the defendant agreed that “ [i]f my client doesn’t deposit it [that is, 6 the sum of $2,200.00 as collateral security on the bond which you are writing ’] I will personaly give you my guarantee and I hereby obligate myself to execute the necessary forms for the purpose of personally guaranteeing this [that is, ‘ the sum of $2,200.00 ’] in the event my client doesn’t deposit this sum with you.”.