Joseph Life, J.
The plaintiff, National Equipment Rental, Ltd., a Delaware corporation, is the successor in interest to a New York corporation of the same name. By this action, the plaintiff seeks recovery of (1) an alleged balance of $7,148.20 due pursuant to a lease of machinery made between its predecessor and the defendant Sebert Mfg. Corp., and (2) legal fees and expenses incurred for collection. Simultaneously with the execution of that agreement, the defendant H. G-reenwald Co., Inc., executed a separate instrument guaranteeing the payments to be made by Sebert, on which plaintiff seeks to hold it liable. (The plaintiff’s predecessor is hereinafter referred to as “national” and the defendants as “ sebert ” and “ GRBENWALD.”)
The plaintiff’s evidence shows that the lease and guarantee (which actually predates the lease) were executed on June 27, 1958; that when Sebert defaulted in making the payment of the monthly rental installments, there was a balance due of $17,473.95. Upon default, 'Sebert surrendered the equipment to National which then executed a new lease of the equipment to Ames Spot Welder Co., Inc. (hereinafter referred to as “ames”). The plaintiff contends that this reletting was for the account of Sebert and was made to mitigate damages. When Ames in turn defaulted and became insolvent, it had reduced the balance to $7,148.20 by payments made until then.
•The answer of the defendants interposed two defenses alleging that (1) the rental agreement was waived, abandoned and rescinded by Sebert’s surrender of the equipment and National’s acceptance thereof; and (2) a release and discharge from liability by virtue of the new lease between National and Ames.
The court is satisfied from a review of all of the testimony received in evidence that the defense of novation has been established.
Without reviewing all of the testimony which was offered at the trial, some of the items which led to the stated conclusion *417 may be indicated. The lease made with Ames extended the term beyond the date when the lease with Sebert would have expired. The provisions for payment were altered and the unused installments for the 24th, 36th, 48th, and 60th months of the term, deposited under the Sebert lease, were applied for the first three months of the Ames lease. Thereafter, National entered into another leasing arrangement with Ames involving other equipment.
Bills for the monthly installments were forwarded to Ames and neither the guarantor nor Sebert received copies of the same. On the occasion when each lease was made, a ledger card was opened in the name of the lessee and payments made beginning January, 1959 were credited to Ames. When Ames defaulted in April of 1959, a letter was sent to Ames and a copy to Q-reenwald, but none to Sebert. Ames cured the default which existed on April 1 and continued to make payments thereafter until September, 1960, when it made no further payments until February of the following year, at which time four payments of $180.25 each were made and none thereafter. It was not until July 25, 1961, and when Ames had made an assignment for the benefit of its creditors, that National wrote to Sebert advising Sebert of that fact and that National had recovered the equipment. They did not demand payment, but advised that “ It would be to your best interest, to contact the writer immediately.” Despite this admonition, National filed a proof of debt against Ames in the bankruptcy proceeding. National’s conduct belies the intention to hold Sebert responsible under the original lease.
' An agreement for a novation need not be expressed, it may be implied. The court, as the trier of the facts, must determine the intention of the parties (Henderson v. Sheppard, 231 App. Div. 610; Goldbard v. Empire State Mut. Life Ins. Co., 5 A D 2d 230). The court finds that the agreement executed between National and Ames was intended to supersede the earlier agreement made by National with Sebert and constituted a novation, and National cannot now seek to hold Sebert (Schloss Bros. & Co. v. Bennett, 260 N. Y. 243; cf. 61 A. L. R. 2d 755). Since the guarantor was liable only on its guarantee respecting the Sebert contract and Sebert itself was released, it follows that the guarantor cannot be held. The complaint is dismissed, and the defendants may have judgment accordingly.