■ In the Matter of J. RICHARD SELIGMAN, Respondent, v. DON J. WICKHAM, as Commissioner of Agriculture and Markets, Appellant.— SWEENEY, J. Appeals (1) from an order of the Supreme Court at Special Term, entered in Albany County on October 24, 1968 in a proceeding under CPLR article 78, which denied a motion by the Commissioner of Agriculture and Markets to dismiss the petition; (2) from an order and judgment of the Supreme Court at Special Term, entered in Albany County on March 14, 1969, which denied a motion by the Commissioner to strike from the pleadings an affidavit attached to the reply and which granted the cross motion of petitioner for a peremptory judgment and directed the Commissioner to hear and determine the merits of petitioner's claim under section 165 of article 14 of the Agriculture and Markets Law. Petitioner formerly operated potato farms in Steuben County. On December 7, 1967 the Commissioner of Agriculture and Markets quaran-

tined petitioner's land and his potato crop because of the presence of golden nematode disease. Petitioner thereafter presented a claim pursuant to section 165 of the Agriculture and Markets Law for damages for the destruction of his potato crop, which the Commissioner rejected. Petitioner then brought this article 78 proceeding and a hearing was subsequently ordered by Special Term. The Commissioner contends that petitioner is not entitled to damages pursuant to section 165 of the Agriculture and Markets Law since that general statute has been superseded by chapter 663 of the Laws of 1947 which limits recovery to compensation for quarantined lands. Our courts have repeatedly applied the rule that a general law in conflict with a subsequently enacted special law is superseded. (*East End Trust Co.* v. *Otten,* 255 N. Y. 283, 286; *Baker* v. *Springer,* 270 App. Div. 639.) The language of the special law, however, must be clear and unambiguous. Repeal by implication will not be declared if, by any fair and reasonable construction, both statutes can be given operation. (*Matter of Investigation of Criminal Abortions in Kings County (Magelaner)*, 286 App. Div. 270, 275; *Cimo* v. *State of New York,* 306 N. Y. 143, 149.) To resolve the question of whether section 165 of the Agriculture and Markets Law was superseded by chapter 663 of the Laws of 1947 depends upon the intention of the Legislature. This must be ascertained from the language of the two laws. Article 14 of the Agriculture and Markets Law is captioned: "Prevention and control of disease in trees and plants; insect pests; sale of fruit-bearing trees." The article provides for the control and eradication of injurious insects or plant diseases by the Commissioner of Agriculture and Markets. It applies to a variety of plants and diseases. It gives the Commissioner certain powers and duties and authorizes him to issue orders of quarantine to carry out the provisions of the article. Section 165 of the article establishes the procedure for the awarding of damages by the Commissioner caused by the destruction of plants under the provisions of the article. Chapter 663 of the Laws of 1947 is entitled, "An Act making provision for the control and eradication of the golden nematode disease of potatoes * * * authorizing the payment of compensation to owners and operators of affected lands, and making an appropriation therefor". The statute in its first section defines its legislative purpose by acknowledging concern for the spread of this disease and, therefore, establishing a program to assist growers operating infected lands to adjust their operations to a complete prohibition of growing potatoes, and limiting compensation therefor to a two-year period. The act clothes the Commissioner of Agriculture and Markets with authority to effectuate the program, giving him certain powers and duties, including the right to issue orders of quarantine in order to carry out the provisions of the act. Section 5 provides as follows: "No compensation or damages shall be awarded to any owner or operator affected by this program by the State of New York except as provided in this act." Section 6 authorizes the Commissioner to enter into agreements with owners and operators of farms of lands infected with golden nematode for the growing of only those crops which are approved by the Commissioner, the purpose of this being to prevent the spread of the disease which is endemic to potatoes. It further provides for a limited compensation to be paid to such growers to the extent of a certain sum of money per acre for lands withdrawn from the production of these plants or costs incurred in a fumigation program. The act took effect on April 1, 1947 and was to remain in effect through the end of 1948. Since then, however, chapter 663 has been amended annually to extend the program. In 1968 it was extended for a period of three years. It is conceded that prior to the enactment of chapter 663 of the Laws of 1947, petitioner's claim would

have come within the purview of section 165 of the Agriculture and Markets Law. It must be kept in mind that the purpose of both statutes was to assist the farmer. Much of the language in both statutes is identical. The significant difference is that section 165 deals in the main with infected crops, whereas chapter 663 deals with lands affected by golden nematode. There is no provision in section 165 for compensation for infected lands. Chapter 663, on the other hand, establishes a program to rehabilitate the land affected and provides for compensation for such loss of use of the land or costs involved in fumigation. The Commissioner relies strongly on the language of section 5 of chapter 663 which provides "no compensation or damages * * * except as provided in this act." This restrictive language, in our opinion, applies to compensation or damages arising under the program provided for in the act. It does not pertain to damages permitted under section 165 for destruction of crops; it merely limits the amount to be recovered for the withdrawal of lands or costs of fumigation. Nowhere in the statute is section 165 or article 14 of the Agriculture and Markets Law mentioned. How easy it would have been for the Legislature to expressly provide for the repeal of either section 165, or article 14 insofar as it relates to golden nematode disease of potatoes. Absent such language a presumption exists that none was intended. (*Cimo* v. *State of New York, supra,* p. 148.) To repeal by implication when the language is not clear and does not conflict with that of the prior general statute would not conform to the rules of statutory construction. (*County of Saratoga* v. *Saratoga Harness Racing Assn.,* 4 N Y 2d 622.) An examination of both of these statutes compels us to conclude that the Legislature by the enactment of chapter 663 of the Laws of 1947 imposed an additional loss on the aggrieved farmer for which it intended to create additional compensation. We, therefore, conclude that section 5 of chapter 663 does not supersede section 165 of the Agriculture and Markets Law, but must be read in conjunction with it. (See *Matter of Rawe* v. *State Bd. of Equalization & Assessment,* 1 A D 2d 49, affd. 1 N Y 2d 887.) Orders and judgment affirmed, without costs.

Reynolds, J. P., Staley, Jr., and Sweeney, JJ., concur in memorandum by Sweeney, J.; Greenblott and Cooke, JJ., dissent and vote to reverse in a memorandum by Greenblott, J. Greenblott, J. (dissenting). In my opinion, the canons of statutory construction and a reading of all the provisions of chapter 663 of the Laws of' 1947, require reversal. Where a special act is passed covering the subject of a previous general law, the general law is repealed insofar as the special act applies and the two are in conflict (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 397). Obviously chapter 663 of the Laws of 1947 is special since it pertains specifically to the golden nematode disease and to no other, whereas section 165 of the Agriculture and Markets Law is of general scope and application. The two laws are in conflict since section 5 of chapter 663 of the Laws of 1947 states categorically that no compensation is available to an owner or operator "*affected by this program except as provided in this act*" (emphasis added). It is difficult to conceive of any language which could establish more emphatically the Legislature's intent that recovery under chapter 663 was to be exclusive. It should be noted that chapter 284 of the Laws of 1946, a similar statute providing for the appropriation of money to control the golden nematode disease, specifically provided that the "*commissioner may avail himself of the procedure provided in article fourteen of the agriculture and markets law but shall not be limited thereto*" (emphasis added). The decision of the Legislature not to incorporate this language in the statute enacted in 1947 obviously manifests its intention that no other remedy should be available. I, therefore, dissent and vote for reversal and dismissal of the petition.