OPINION OF THE COURT
Gloria Goldstein, J.
This motion presents a question of first impression concerning the recently promulgated Rules Governing Alternative Dispute Resolution By Arbitration (22 NYCRR Part 28).
Is a defendant required to arbitrate a civil action in which there are two separate and distinct causes of action, each for less than $6,000, if their sum total is in excess of $6,000?
A dispute arose between the plaintiff landlord and the defendant herein, a former tenant. Plaintiff is suing on two separate and distinct causes of action; one for use and occupancy in the sum of $1,160 and the other for property damage *1010 in the sum of $5,000. The action was thereafter noticed for trial. Upon receipt of the notice of trial, the defendant served and filed a jury demand. This jury demand was rejected by the clerk of the court on the theory that the case was subject to arbitration pursuant to 22 NYCRR Part 28.
The defendant now moves for an order directing that the clerk accept the jury demand and that this action be tried by the court with a jury rather than being submitted to arbitration.*
Defendant submits that the action is not subject to arbitration since the rules relating to arbitration of Civil Court trials limit them to actions of $6,000 or less and the plaintiff in this action seeks a total of $6,160. Defendant contends that the fact that it may be allocated into two separate causes of action does not diminish the amount of the claim.
CPLR 3405 provides, in pertinent part, that "the chief judge of the court of appeals may promulgate rules for the arbitration of claims for the recovery of a sum of money not exceeding six thousand dollars”. Pursuant to CPLR 3405 and subdivision c of section 28 of article VI of the Constitution of the State of New York, the Chief Judge has enacted a new Part 28 of the Rules of the Chief Judge which contains Rules Governing Alternative Dispute Resolution by Arbitration. 22 NYCRR 28.2 (b) provides: "all civil actions for a sum of money only * * * that [after January 2, 1980] are noticed for trial or commenced in the * * * Civil Court of the City of New York * * * where recovery sought for each cause of action is $6,000 or less * * * shall be heard and decided by a panel of arbitrators.” (Emphasis supplied.)
Although at first blush there may appear to be a conflict between CPLR 3405 and Part 28 concerning the terms "claim” and "cause of action” respectively, no such conflict exists. Claim and cause of action have substantially the same meaning. In Black’s Law Dictionary (5th ed), "claim” is defined as "[c]ause of action”. The Rules of the Chief Judge are simply clearer and more specific. They evince a policy favoring arbitration.
*1011 Arbitration is designed to achieve a just determination of the matters in dispute and finally to dispose of them in a rapid and inexpensive manner, thus avoiding litigation between the parties. (Matter of Minkin [Halperin], 279 App Div 266, affd 304 NY 617.) The policy of the State favors, even encourages, arbitration as a means of conserving time and resources. (Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., 37 NY2d 91.) It would not be in the interests of justice or public policy to require plaintiff to either litigate his claims together or arbitrate them separately. If this court were to accept defendant’s interpretation of CPLR 3405, other similarly situated plaintiffs who desired arbitration would be required to sue separately for each cause of action. This would waste time and effort and would not create any corresponding benefit. Moreover, it is quite possible that such actions would eventually be consolidated in any event. It is consistent with public policy and common sense to read CPLR 3405 as authorizing compulsory arbitration of civil actions where the recovery sought for each claim is $6,000 or less.
Each cause of action is for a sum less than $6,000, and the entire matter is thus subject to arbitration.
Defendant’s motion is denied, except as heretofore noted.

 The defendant also moved for an order striking the action from the calendar or, in the alternative, staying the trial thereof until an examination before trial of the plaintiff is held. That portion of defendant’s motion is granted to the extent that all parties are directed to appear and submit to an examination before trial at a Special Term Part II of this court on July 18, 1980 at 10:00 a.m.; and the action is stayed accordingly.