GATTI PAPER STOCK CORPORATION, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

First Department, March 27, 1936.

*A. S. Edmonds* of counsel [*Theodore Kiendl* and *John D. Hyde* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the appellant.

*Sidney R. Nussenfeld* of counsel [*Simon H. Rifkind* with him on the brief; *Wagner, Quillinan & Rifkind,* attorneys], for the respondent.

McAvoy, J. The action was commenced on January 3, 1933 (two years and five months after the cause of action accrued). The amended complaint alleges that both plaintiff and defendant are domestic corporations and that certain premises occupied by the plaintiff at Hoboken, N. J., together with merchandise therein which belonged to the plaintiff, were destroyed on August 6, 1930, by fire negligently communicated from a locomotive of the defendant, to the plaintiff's damage in the sum of $85,000.

The alleged second cause of action repeats the allegations of each of the paragraphs of the alleged first cause of action, except that paragraph twelfth (wherein the fire is alleged to have been the direct result of the defendant's negligence) is not repeated. In the place of such an allegation of common-law liability based on negligence, sections 56 and 57 of the New Jersey Railroad Act are set forth. These sections of the statute, in so far as pertinent herein, require the use of spark-arresters in the operation of railroad engines, provide liability for injury by fire to property by any locomotive that is operated in violation of the statute, and provide that proof that the injury was communicated from an engine shall be *prima facie* evidence of such violation.

There is also an allegation that the damage to the plaintiff was the result of the violation of the statute by the defendant.

Defendant does not press on this appeal the motion as made under rule 106 — that the complaint fails to state facts sufficient to constitute a cause of action. It does contend, however, that if this court should agree with the court below that " this New Jersey statute creates no new right," then the alleged second cause of action should be dismissed under rule 106 for the reason that it is no more than a repetition of the alleged first cause of action, and cannot also be a second cause of action. This is a true rule but we reach a contrary conclusion as to the nature of the second cause.

The plaintiff pleads sections 56 and 57 of the New Jersey statute. These statutory sections are governed by section 58 reading, in part, as follows: " all actions for injury done to any property by fire communicated by an engine of any railroad company or any railroad within this State shall be commenced and sued within two years after the cause of action accrued and not after." (N. J. Laws of 1903, chap. 257, p. 674, C. S. 4246, as amd. by N. J. Laws of 1912, chap. 175, p. 265.)

The motion to strike out the second cause of action (under rule 107), because it did not accrue within the time limited by the law of New Jersey for the commencement of an action thereon, is based on the provision of section 58.

Plaintiff contends that actions given partly by statute and partly by common law are common-law actions for the purpose of the Statute of Limitations and that it necessarily follows that the time limitation expressed in section 58 is a Statute of Limitations rather than a condition of the rights stated in the preceding sections (§§ 56 and 57). It is thence argued that since plaintiff is a domestic corporation and a resident of New York, it is entitled to take advantage of whichever Statute of Limitations is longer, i. e., that of the New Jersey statute or that of New York (Civ. Prac. Act, § 13). Under this reasoning section 58 of the New Jersey Railroad Act would be inapplicable.

Where a liability is created by a statute, and the same statute that creates the liability limits the right of action thereon to a stated period of time, the effect is that at the termination of that time the liability expires, leaving nothing thereafter on which to predicate an action. In the case of *Fairclough* v. *Southern Pacific Co.* (171 App. Div. 496; affd., 219 N. Y. 657) this court recognized and stated the foregoing proposition and held that compliance with the time requirement of the statute is a condition precedent that is applicable in whatever jurisdiction an action predicated on the statute may be commenced, as distinguished from the merely

procedural nature of a true Statute of Limitations which is applicable only in the jurisdiction of its origin.

The plaintiff attempts to set up in the second cause a statutory right of action not known to common law. Liability for injury to property by fire communicated from an engine " in violation of the foregoing section," and without any allegation of negligence (as distinguished from an instance where negligence is alleged, as in the first cause of action), must exist, if at all, by force of the very New Jersey statute pleaded. The operation of the locomotive in alleged violation of the statute is the only purported basis of the second cause of action, in addition to the common-law right of action as stated in the first cause of action. We conclude that this wholly statutory remedy is extinct by the terms of its creation.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the alleged second cause of action granted, with leave to the defendant to answer within twenty days after service of order with notice of entry.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the defendant to answer within twenty days after service of a copy of the order with notice of entry thereof.