VICTOR MISTRETTA et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30516.)

Court of Claims, March 6, 1952.

*Charles J. Mistretta* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

RYAN, J. For many years prior to 1950 the claimants owned and occupied a dwelling house situated on the southwest corner of the intersection of South Work Street and Lister Avenue and known as 300 South Work Street in the village of Falconer, Chautauqua County, New York. In eliminating a grade crossing over the Erie Railroad the State of New York closed South Work Street at a point about 500 feet south of claimants' property, closed Lister Avenue at the east by an embankment, moved South Work Street to the east onto a newly acquired right of way, and changed the grade of South Work Street beginning at a point to the north of its former intersection with Lister Avenue. From that point the new road ascends on a 5% grade until it crosses the railroad tracks at a height 28.9 feet above the road bed. Immediately in front of claimants' dwelling there is an embankment whereon the new South Work Street is 9½ feet higher than the old pavement. The old pavement was forty feet wide and now remains open and undisturbed for a width of eighteen feet. No part of claimants' property has been appropriated by formal proceedings. No part of claimants' property has been physically disturbed or altered. Although the testimony of the one expert witness called by the defendant was to the effect that in his opinion the property of the claimants had sustained no damage because of this work which has been done to eliminate this grade crossing, we find and decide that the claimants' property has been reduced in value thereby in the amount of $2,000.

The question in this case is: Is the State liable to these claimants for the damages sustained by them? We find liability upon the authority of section 6 of chapter 678 of the Laws of 1928, subdivision 2 of section 159 of the Village Law, *Knights*

v. *State of New York, Delafield* v. *State of New York* (161 Misc. 552 [1936], affd. 251 App. Div. 781), and *Atherton* v. *Village of Allegany* (244 App. Div. 890 [1935], affd. 270 N. Y. 525).

The Attorney-General renews the old argument that the decision in *Askey & Hager, Inc.*, v. *State of New York* (240 App. Div. 451 [1934], affd. 266 N. Y. 587) which was the foundation of our finding of liability in *Knights* v. *State of New York* (*supra*) applied only to the particular situation existing in that case, namely, that when chapter 844 of the Laws of 1926 became effective the grade crossing project at Colvin Street had already been initiated by the grade crossing commission of the City of Buffalo. This argument was thoroughly expounded and disposed of in the case of *Mirro* v. *State of New York* (172 Misc. 963 [1939], affd. 260 App. Div. 525, affd. 285 N. Y. 678). But, says the Attorney-General, the decision in *Mirro* v. *State of New York* was not only erroneous in its interpretation of the effect of the New York City charter provisions but has been effectively overruled by subsequent cases, namely, *Matter of Young* v. *Kracke* (262 App. Div. 67 [1941], affd. 287 N. Y. 634, motion for reargument denied 287 N. Y. 754); *Bachmann* v. *New York City Tunnel Authority* (47 N. Y. S. 2d 767 [1941], affd. 263 App. Div. 945, appeal dismissed 288 N. Y. 707); *New York Tel. Co.* v. *New York City Tunnel Authority* (265 App. Div. 1051 [1943], affd. 291 N. Y. 766), and *New York City Tunnel Authority* v. *Consolidated Edison Co.* (269 App. Div. 449 [1945], revd. 295 N. Y. 467, motion for reargument denied 296 N. Y. 745).

The argument is subtle but does not carry conviction when one examines the statutes concerned in these later cases.

Formal decision may be entered directing an award of $2,000 together with interest.