SANDRA CIMO, Appellant, *v.* STATE OF NEW YORK, Respondent.
(Motion No. 2148.)

Argued October 16, 1953; decided December 3, 1953.

*Charles J. Mistretta* for appellant.   I. Permission to file a claim within two years of accrual of the cause of action is authorized by the Court of Claims Act.   (*Welz & Zerweck v. State of New York,* 174 Misc. 198; *Beck Properties v. State of New York,* 184 Misc. 148.)   II. The claim accrued upon compliance with section 6 of the Grade Crossing Elimination Act. (*Morrison & Quinn* v. *State of New York,* 204 App. Div. 623; *Paduano* v. *State of New York,* 203 App. Div. 503; *Taylor* v. *State of New York,* 302 N. Y. 177; *Mayright* v. *State of New York,* 124 Misc. 682; *Moltion* v. *State of New York,* 193 Misc. 850; *Tomasetti Constr. Co.* v. *State of New York,* 186 Misc. 790; *Waples Co.* v. *State of New York,* 16 N. Y. Ct. Cl. 54, 178 App. Div. 357; *Hollman* v. *State of New York,* 171 Misc. 768; *Phipps* v. *Village of North Pelham,* 61 App. Div. 442.)   III. Claimant has met all of the requirements of section 10 of the Court of Claims Act.   (*Olender* v. *State of New York,* 194 Misc. 583; *Farnham* v. *State of New York,* 195 Misc. 380; *Conti* v. *State of New York,* 277 App. Div. 955; *Webster* v. *State of New York,* 257 App. Div. 902; *Hencken* v. *State of New York,* 196 Misc. 128; *Mistretta* v. *State of New York,* 280 App. Div. 960; *Scully*

v. *State of New York,* 275 App. Div. 1016.)  IV. The claim was timely filed.  (*Thompson* v. *State of New York,* 258 App. Div. 758.)

*Nathaniel L. Goldstein, Attorney-General* (*John R. Davison* and *Wendell P. Brown* of counsel), for respondent.  The Court of Claims has no jurisdiction under subdivision 5 of section 10 of the Court of Claims Act to allow the late filing of a claim under section 6 of chapter 678 of the Laws of 1928.  (*Matter of Fammler* v. *Board of Zoning Appeals of Town of Hempstead,* 254 App. Div. 777; *Campbell* v. *Nassau Co.,* 273 App. Div. 785; *Moller* v. *New York Central R. R. Co.,* 282 N. Y. 188; *Askey & Hager* v. *State of New York,* 240 App. Div. 451, 266 N. Y. 587; *Beck Properties* v. *State of New York,* 184 Misc. 148; *Welz & Zerweck* v. *State of New York,* 174 Misc. 198.)

DESMOND, J.  Claimant-appellant Cimo, the owner of real property in the village of Falconer, New York, appeals here from a unanimous order of the Appellant Division, Fourth Department, which reversed, on the law, an order made by the Court of Claims, which Court of Claims order had granted claimant's motion purportedly made under subdivision 5 of section 10 of the Court of Claims Act (L. 1939, ch. 860), for permission for late filing of her claim.  Since the Appellate Division's reversal was stated to be " on the law ", there is no question of discretion here, and we need not discuss the factual showing made in claimant's moving affidavit as a basis for the relief prayed for, but can confine ourselves to the question of law.

The proposed claim which claimant asked leave to file is for alleged damage to her real property, occasioned by a change of grade of the street in front of her property, in connection with a grade crossing elimination structure, construction of which was by defendant State of New York.  It is undisputed that claimant did not file any claim with the Court of Claims until more than six months after the completion of the elimination project, and the question of law is as to whether that delay is fatal.  Claimant says that she comes within subdivisions 4 and 5 of section 10 of the Court of Claims Act, which require filing, within six months, of certain claims, but give the Court

of Claims discretionary power to permit late filing within two years after the accrual of the claim. On the other hand, the State says that, under section 6 of the " Grade Crossing Elimination Act " of 1928 (L. 1928, ch. 678), six months is the absolute limit for filing of such a claim as this. Section 6 is part of an elaborate statutory system, enacted in 1928, covering the elimination of grade crossings, and the whole of section 6 deals with damage done to properties not actually taken by the State in the course of such improvements. The Court of Claims took the view, apparently, that this claim of Mrs. Cimo, although plainly one of those described in section 6 was, also, one of the claims listed in subdivision 4 of section 10 of the Court of Claims Act, as being " any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims ", and that, being such a claim, there would be applicable thereto the provision of subdivision 5 of section 10 of the Court of Claims Act which permits late filing, on a judge's order, up to two years from accrual, whereas section 6 has an absolute deadline of six months from the date of project acceptance.

The Appellate Division's opinion, on the other hand, ruled that, since there is in section 6 a separate special provision, absolutely limiting to six months the time for filing a grade crossing elimination claim for damage to lands not taken, this special provision controls over the later but more general provisions of section 10 of the Court of Claims Act on which claimant relies. The following are the pertinent parts of the statutes in question:

*Court of Claims Act.*

" § 10. *Time of filing claims and notices of intention to file claims.*

" 4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.

"5. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death.''

*Grade Crossing Elimination Act* (L. 1928, ch. 678).

" § 6. If the work of such elimination causes damage to property not acquired as above provided, the state shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law. Claims for such damage may be adjusted by the department of public works with the approval of the railroad corporation or corporations and the county or counties bearing a part of the cost of the elimination if the amount thereof can be agreed upon with the persons making such claims, and any amount so agreed upon shall be paid as a part of the cost of such elimination as prescribed by this act. If the amount of any such claim is not agreed upon, such claim may be presented to the court of claims which is hereby authorized to hear such claim and determine if the amount of such claim or any part thereof is a legal claim against the state and if it so determines, to make an award and enter judgment thereon against the state, provided, however, that such claim is filed with the court of claims within six months after final approval of the elimination work by such commission.''

Thus, not only does section 6 contain a specific limitation of six months on the time for filing this precise kind of claim, but that limitation is found in the very same sentence with the grant of jurisdiction to the Court of Claims to hear such a claim. If it were not for section 6, there would, concededly, be no liability at all, on the State, for change of grade damages caused by grade crossing eliminations. At common law, no such damages were recoverable (*Matter of Lawrence* v. *Village of Mamaroneck,* 263 N. Y. 455), but, later, a provision of the Village Law, changed that, as to grade changes in villages like this one, and made the villages liable therefor (see *Matter of Torge* v. *Village of Salamanca,* 176 N. Y. 324, 327, 328; *Mistretta* v. *State*

*of New York,* 201 Misc. 946, affd. 280 App. Div. 960; Village Law, § 159, subd. 2). Still later, by section 6 (*supra*) the State assumed this liability as to grade crossing eliminations but, in assuming it, imposed the condition, as aforesaid, that there should be no liability unless a claim should be filed with the Court of Claims within six months after final approval of the elimination work by the Public Service Commission (see *Moller* v. *New York Central R. R. Co.,* 282 N. Y. 188).

We turn to appellant's argument. She admits that jurisdiction in the Court of Claims to grant awards against the State for such claims, and liability of the State for such claims, was created by section 6 (*supra*), but, she says, though liability had so been created, the claim, when it arose, was one falling within the language of subdivisions 4 and 5 of section 10 of the Court of Claims Act (*supra*) as being " any other claim not otherwise provided for by this section ". Claimant, of course, cannot deny that the very statute (§ 6, *supra*) which set up the State's liability for, and conferred jurisdiction as to, such claims, set a limit of six months for filing such claims, so, if there were anything at all to the argument, there would be, as the Appellate Division pointed out, two separate limitation periods for these claims, one in each statute, and a claimant would (following this argument to its necessary conclusion) have a choice between them. We think it obvious that the Legislature could not have intended such duality.

The only other form of reasoning, by which claimant can reach the result she contends for, is by urging that the time limitation fixations in subdivision 5 of section 10 repealed, by implication, the express time limitation of section 6. As we know, " repeal by implication is not favored and will be decreed only where a clear intent appears to effect that purpose " (*City of New York* v. *Maltbie,* 274 N. Y. 90, 97; see *Naramore* v. *State of New York,* 285 N. Y. 80, 84; *Moritz* v. *United Brethrens Church,* 269 N. Y. 125, 133). Such repeals will not be discovered unless the conclusion is unavoidable, as when repugnancy between the two statutes is plain (*People* v. *Dwyer,* 215 N. Y. 46, 51; *Peterson* v. *Martino,* 210 N. Y. 412, 418). The absence of an express provision in a later statute, for repeal of an earlier one, gives rise to a presumption that repeal was not

intended (*Chatham Phenix Nat. Bank* v. *Crosney,* 251 N. Y. 189). If by any fair construction, both statutes can be given operation, implied repeal will not be declared (*Matter of Tiffany,* 179 N. Y. 455, 457). More directly related to our problem, the settled rule is: a more general statute (like Court of Claims Act, § 10, subds. 4, 5) will not repeal a more specific one (like Grade Crossing Elimination Act, § 6) unless there be patent inconsistency and the two cannot stand together, so that the Legislature is clearly shown to have intended such a result (*People ex rel. Fleming* v. *Dalton,* 158 N. Y. 175, 184; *People ex rel. Savory, Inc.,* v. *Plunkett,* 295 N. Y. 180, 183).

There are other reasons why it cannot be held that subdivisions 4 and 5 of section 10 (*supra*) repealed the time limitation in section 6 (*supra*). Subdivisions 4 and 5 of section 10 were enacted in substantially their present form in 1936 (see L. 1936, ch. 775). The Grade Crossing Elimination Act, including section 6, had been passed as chapter 678 of the Laws of 1928. At the time the Grade Crossing Elimination Act was put on the books, the provision of the Court of Claims Act as to " claims not otherwise provided for " was in section 15, and section 15 had the same time limitation — six months without any discretionary extension (see L. 1921, ch. 474, amdg. L. 1920, ch. 922) — that the Legislature put into section 6, in 1928. In other words, when, in 1928, the time limitation for filing various miscellaneous claims with the State was six months, with no extension, the Legislature imposed that same short limitation on the newly created claims for change of grade. Later on, when the Court of Claims Act was subjected to amendments, including the enactment of subdivisions 4 and 5 of section 10 (*supra*), the time limitations were liberalized as to certain contract and other miscellaneous claims, by giving discretion to the court to extend the time beyond six months, but no such liberality was displayed as to grade crossing project elimination claims for change of grade. It must be significant that the State, not in the Court of Claims Act, but as part of a new statutory scheme whereby the State took over major responsibility for grade crossing elimination, assumed, for the first time, liability for change of grade claims, but in that very section, indeed, in the same sentence of the section, it included, and never after-

wards changed, the provision that such claims had to be filed within six months after approval of the work. This, therefore, is a case where the time limitation is part of a new cause of action, and there is no reason whatever to apply to it another general time limitation found in an entirely different statute. When the Legislature creates a new right of action, otherwise unknown to the law, and in the statute of creation imposes a time limitation, that limitation is part of the grant of power and the bringing of such an action is subject to that limitation and no other (*Gatti Paper Stock Corp.* v. *Erie R. R. Co.,* 247 App. Div. 45, 47, affd. 272 N. Y. 535; *Engel* v. *Davenport,* 271 U. S. 33, 38; 1 Wood on Limitations [4th ed.], § 9, p. 41; see *Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397, 402; see *Matter of Meng,* 227 N. Y. 264, 276). A persuasive analogy is to actions under section 130 of the Decedent Estate Law for wrongfully causing death; since that statute requires suit within two years '' after the decedent's death '', a more liberal general limitation such as that of section 11 of the Civil Practice Act may not be availed of (*Jones* v. *416 Pleasant Ave. Holding Corp.,* 304 N. Y. 893).

Six months seems a very short limitation as to any sort of claim or suit, and we do not know the precise reason for its use by the Legislature in this instance. Probably, the reason is that the total cost of such a grade crossing elimination is fixed by the Public Service Commission and then borne, in certain proportions, by the State, the railroad or railroads, and the county or counties in which the crossing is located, a fixation and distribution of cost which cannot be completed until all items of cost, including any damage for change of grade, are finally determined. And, also, we know that it is quite customary and traditional to make very brief the time for filing such claims (see, for instance, Highway Law, § 197; Village Law, § 159, subd. 3; Administrative Code of City of New York, § 307a–3.0; Buffalo City Charter, § 367; Rochester City Charter, § 121).

The order should be affirmed, without costs.

VAN VOORHIS, J. (dissenting). No obstacle appears to exist which prevents applying the more liberal provision of the 1939 amendment of the Court of Claims Act (§ 10, subds. 4,

5) to grade crossing elimination claims, which appears to have been the intention of the Legislature in view of the statement in subdivision 4 of section 10 of the Court of Claims Act, that section 10 applies to all claims over which jurisdiction has been conferred upon the Court of Claims. The Grade Crossing Elimination Act does just that in the case of claims of the type now before the court (L. 1928, ch. 678, § 6).

LEWIS, Ch. J., CONWAY, DYE, FULD and FROESSEL, JJ., concur with DESMOND, J.; VAN VOORHIS, J., dissents and votes to reverse in a memorandum.

Order affirmed.