Alexander Del Giorno, J.
This is a motion for an order permitting claimant to file its claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act.
By notice of cross motion the State moves for an order 1) vacating and dismissing the claim, pursuant to sections 10 and 11 of the Court of Claims Act, upon the ground that the court does not have jurisdiction of the subject of the action; 2) denying claimant’s motion, pursuant to sections 10 and 11 of the Court of Claims Act and rules 9 and 19 of the Buies of the Court of Claims, upon the grounds that claimant has failed to set forth a reasonable excuse for such late filing and that the State is prejudiced thereby; and upon the additional grounds that the claim does not state facts sufficient to constitute a cause of action and is not in conformity with the statutes and rules of the Court of Claims.
On July 8, 1959, claimant filed a notice of intention to file a claim for property damage caused by the continuing torts of the State, commencing on or about October 27, 1957 and continuing to the date of the filing of the said notice, in connection with the construction or reconstruction of the Loudon Boad, Part 2, State Highway No. 119, and known or designated as Boute 9, and also of Troy-Schenectady Boad, Parts 3 and 4, State Highways 119, 604 and 630, ‘ ‘ and particularly in planning and performing the construction and reconstruction in a negligent manner and in failing to plan and perform the construction and reconstruction in a safe, proper, reasonable and workmanlike manner and in creating and maintaining nuisances, interfering with claimant’s lawful enjoyment and use of its property.” Although the construction or reconstruction resulted in the taking of property pursuant to section 30 of the Highway Law, claimant’s damage in said notice of intention was as to property not taken. The notice of intention did not set forth the amount of damages claimed.
*1020 On October 6, 1959, a claim was filed, alleging substantially the contents of the notice of intention, except that the claim alleged that the acts complained of commenced on or about October 17, 1957. In addition, the claim alleges that the claimant was damaged in that the State failed to provide access to and from claimant’s property; failed to provide safe and reasonable passage to and from said property; failed to provide adequate drainage of the construction site; permitting delays in construction; deprived claimant of lawful rents to which it would have been entitled; deprived claimant of the use of its property and decreased the value of and income from the property. Damage was claimed in the sum of $3,650,000, but no itemization thereof was made.
The claimant has already filed four other claims in connection with the aforesaid road construction, seeking damages for appropriations by the State of permanent and temporary easements for the construction or reconstruction work.
Claimant states that the instant motion is brought for an order permitting the late filing of an additional claim, for the purpose of preserving its rights in the event that the question of timeliness of the filing of the October 6, 1959 claim be raised and decided adversely to claimant.
The claimant asserts that not only is its claim timely filed under the provisions of the Court of Claims Act, but that it has filed said claim timely and properly under the provisions of subdivision 15 of section 30 of the Highway Law.
The principal question, therefore, to be decided is whether the time within which this claim may be filed is to be determined by subdivision 3 of section 10 of the Court of Claims Act or by subdivision 15 of section 30 of the Highway Law, which provides as follows: “If the work of constructing, reconstructing or improving such state highways and bridges causes damage to property not acquired as above provided, the state shall be liable therefor, but this provision shall not be deemed to create any liability not already existing by statute. Claims for such damage may be adjusted by the superintendent of public works, if the amounts thereof can be agreed upon with the persons making such claims, and any amount so agreed upon shall be paid as a part of the cost of such construction, reconstruction or improvement as prescribed by this section. If the amount of any such claim is not agreed upon, such claim may be presented to the court of claims which is hereby authorized to hear such claim and determine if the amount of such claim or any part thereof is a legal claim against the state and, if it so determines, to make an award and enter judgment thereon *1021 against the state, provided, however, that such claim is filed with the court of claims within six months after the acceptance by the superintendent of public works of the final estimate of the completed contract, pursuant to an official order duly filed in the department. ’ ’
The claimant and the State agree that final acceptance of the construction work under the contract occurred on or about September 28, 1959, and that pursuant to articles 9 and 10 of the contract agreement, final acceptance of the work in question is preliminary to acceptance of the final estimate by the Superintendent of Public Works. It does not appear in the record before the court that acceptance of the final estimate by the Superintendent of Public Works has taken place.
Where there is an inconsistency as between two statutes, a later act, it being a subsequent expression of the legislative will, must prevail over a prior inconsistent act. (Kronowitz v. Schlansky, 156 Misc. 717; Matter of Jordan v. Smith, 137 Misc. 341, affd. 254 N. Y. 585.) Section 30 of the Highway Law was embodied in chapter 544 of the Laws of 1944, subsequent to the enactment of section 10 of the Court of Claims Act.
A general statute will not be construed to repeal by implication a more specific statute, unless the two cannot stand together. In the case of Cimo v. State of New York (306 N. Y. 143) claimant alleged damage to her real property, occasioned by a change of grade of the street in front of her property, in connection with a grade crossing elimination structure. There was no appropriation of claimant’s property, but the result was a change of grade of the street in front of her property. No claim was filed until more than six months after the completion of the elimination project. Claimant sought to rely on section 10 of the Court of Claims Act; the State contended that the claimant could avail herself only of section 6 of the “ Grade Crossing Elimination Act” (L. 1928, ch. 678), under which six months is the absolute limit for the filing of the claim. The court held (p. 149): “More directly related to our problem, the settled rule is: a more general statute (like Court of Claims Act, § 10, subds. 4, 5) will not repeal a more specific one (like Grade Crossing Elimination Act, § 6) unless there be patent inconsistency and the two cannot stand together, so that the Legislature is clearly shown to have intended such a result (People ex rel. Fleming v. Dalton, 158 N. Y. 175, 184; People ex rel. Savory, Inc., v. Plunkett, 295 N. Y. 180, 183).” And at page 150: ‘ ‘ When the Legislature creates a new right of action, otherwise unknown to the law, and in the statute of creation imposes a time limitation, that limitation is part of *1022 the grant of power and the bringing of such an action is subject to that limitation and no other (Gatti Paper Stock Corp. v. Erie R. R. Co., 247 App. Div. 45, 47, affd. 272 N. Y. 535; Engel v. Davenport, 271 U. S. 33, 38; 1 Wood on Limitations [4th ed.], § 9, p. 41; see Travelers Ins. Co. v. Padula Co., 224 N. Y. 397, 402; see Matter of Meng, 227 N. Y. 264, 276).”
In the Gimo case {supra), claimant had the advantage of the Court of Claims Act, in that the act was enacted by chapter 860 of the Laws of 1939, whereas the Grade Crossing Elimination Act had been enacted under chapter 678 of the Laws of 1928. The court held that the limitation provisions (six months) of the Grade Crossing Elimination Act were applicable to the claim since this provision had not been superseded by the later enactment of the Court of Claims Act.
In the present case, it is self-evident that the provisions of subdivision 15 of section 30 of the Highway Law, enacted later than the Court of Claims Act, must be applicable to the limitation of time to file a claim, since such section creates a specific liability on the part of the State not contained or clearly defined in the Court of Claims Act.
Section 30 of the Highway Law established a new procedure for the acquisition of property required for public improvement work whereby the State undertook highway construction and reconstruction in place of towns, villages and municipalities, and assumed liability thereunder, provided such liability already existed by statute, by which it was meant that if a prior statute made the town, village or municipality liable to a property owner for damages sustained in the construction or reconstruction of a highway that such liability now became the liability of the State. Subdivision 15 thereof, which had not existed in the old repealed sections of the Highway Law, provides for administrative negotiation and adjustment of claims for damages for property not acquired in accordance with the other subdivisions of section 30. When the Legislature enacted the Highway Law, at which time the limitations of the Court of Claims Act were in effect, it seems evident that it was its intention to create a new Statute of Limitations as to claims for property not taken.
The court finds that the time within which this claim is to be filed is governed by the provisions of subdivision 15 of section 30 of the Highway Law and that such claim must be filed within six months after the acceptance by the Superintendent of Public Works of the final estimate of the completed contract, pursuant to an official order duly filed in the department. (Cimo v. State of New York, supra; Beck Properties v. State of New *1023 York, 184 Misc. 148.) Since it does not appear in the record that acceptance of the final estimate by the Superintendent of Public Works has yet taken place, the filing of the claim herein has been premature, and the filing of the notice of intention was superfluous. Claimant maintains that it may file a claim before such time, because otherwise the State “would simply fail to accept final estimate or delay the acceptance so as to thwart potential claimants.” The court does not agree with such contention. Subdivision 15 of section 30 of the Highway Law bestows upon a potential claimant for damages to property not acquired a right which he did not have previously, to file a claim in the Court of Claims. In so doing, the Legislature very properly provided for negotiation for adjustment and, that failing, for the filing of a claim. It made the filing conditional upon stated terms, with which a claimant must comply. To suggest that the Superintendent of Public Works might deliberately fail to accept final estimates, apon which so much and the rights of so many others depend, in order to delay a potential claimant, impresses the court only as specious reasoning.
The State further argues that if subdivision 15 of section 30 of the Highway Law be held to govern the filing of the claim, that section is ineffectual to claimant since no existing statutory right in law exists in the matter at bar; that the section is a procedural remedy which is inoperative here because no statutory right to relief has been created by the Legislature that would inure to this claimant; that the ‘ ‘ claimant ultimately cannot prevail by utilizing Section 30, subdivision 15 of the Highway Law, although the procedure exists and the limitations for suit have not accrued to it as yet. ’ ’
The court does not deem it proper at this time to pass upon the questions as to whether claimant may prevail by the invocation of subdivision 15 of section 30 of the Highway Law, or as to whether the State may be liable for any torts that may have been committed by the independent contractor who performed the work involved herein. Those matters should be determined at the trial or raised by proper motion after the claim shall have been properly filed.
Accordingly, the following disposition is made of the instant motions: 1) claimant’s motion for an order permitting claimant to file its claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act, is denied, without prejudice; 2) State’s cross motion for an order vacating and dismissing the claim as filed is granted, upon the ground that the court does not have jurisdiction of the subject of the action, without prejudice *1024 to the filing of a claim by claimant pursuant to the provisions of subdivision 15 of section 30 of the Highway Law within six months after the acceptance by the Superintendent of Public Works of the final estimate of the completed contract, pursuant to an official order duly filed in the department; 3) State’s cross motion for an order denying claimant’s application for permission to file its claim pursuant to sections 10 and 11 of the Court of Claims Act is denied upon the ground that the said sections do not apply; 4) State’s cross motion for an order denying claimant’s application for permission to file on the additional ground that the claim does not state facts sufficient to constitute a cause of action is denied.
Settle order on five days’ notice.