Saul S. Streit, J.
Plaintiff moves for judgment on the pleadings in an action to declare illegal a tax for the privilege of maintaining juke boxes and similar musical devices, imposed by Local Law No. 50 of the City of New York for 1959. Defendants ask for judgment on the pleadings in their favor.
The local law under attack states- (Administrative Code of City of New York, § J46-19.0) that it was enacted pursuant to chapter 278 of the Laws of 1947, as amended. Among various taxes which that statute authorized a city of one million or more inhabitants to impose were (§ 1, par. [f]) “Privilege taxes on coin operated amusement devices (either generally or upon selected types or classes of such devices) including, but not limited to, coin operated juke box, music, skill game, digger and moving picture devices at a rate not to exceed twenty-five dollars per annum for each such device ”. (Italics supplied.)
Plaintiff claims this statute was impliedly repealed by the enactment of chapter 369 of the Laws of 1959 which, authorized any city having a population of one million or more to impose any and all of various types of taxes, one of which is a tax on “Any machine, contrivance, apparatus or other device which is operated, played, worked, manipulated or permitted to function by the insertion or deposit of any coin, slug, token or thing of value, including, but not limited to those which sell or provide personal property, render a service, or provide amusement, diversion or entertainment ”.
There is a presumption against repeal by implication (Cimo v. State of New York, 306 N. Y. 143). “ Generally speaking, a statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect. If by any fair construction a reasonable field of operation can be found for two statutes, that construction should be adopted ” (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 141-142). In County of Saratoga v. Saratoga Harness Racing Assn. (4 N Y 2d 622) the court found that both statutes could stand together, each with its own *146 scope of operation, and rejected the claim that the later one had impliedly repealed the earlier.
In the case at bar, the two statutes are not repugnant to each other. They can legally coexist. The earlier statute expressly authorizes the imposition of a privilege tax on such coin-aperated amusement devices as may be selected by the city’s legislative body (see italicized language, supra). The later statute, however, requires the city, if it wishes to tax coin-operated devices thereunder, to tax all such devices, whether they be amusement devices, service devices or vending devices. The granting of authority to the city to tax all coin-operated devices did not necessarily or impliedly take from the city its pre-existing’ authority to tax coin-operated amusement devices.
In the court’s opinion, chapter 278 of the Laws of 1947, as amended, was not impliedly repealed, insofar as it authorizes a tax on coin-operated amusement devices, by chapter 369 of the Laws of 1959.
Plaintiff also claims that the tax imposed by the law imposes a double tax upon it, since it is already subject to the general business and financial tax on the privilege of doing business, measured by its gross receipts. There is, however, no constitutional prohibition against double taxation (People ex rel. New York Cent. & H. R. R. R. Co. v. Roberts, 32 App. Div. 113, affd. on opinion below 157 N. Y. 677; People v. Some Ins. Co., 92 N. Y. 328, 346; Citizens Nat. Bank v. Durr, 257 U. S. 99, 109; St. Louis S. W. Ry. v. Arkansas, 235 U. S. 350, 367-368; Illinois Cent. R. Co. v. Minnesota, 309 U. S. 157,164).
Furthermore, the fact that a business is subject to different taxes does not mean that it is subject to double taxation. The tax is for the privilege of doing business, regardless of whether or not juke boxes or other coin-operated devices are used. The other tax is based solely on the privilege of using such devices.
In the case of People ex rel. Savings Bank v. Coleman (135 N. Y. 231), cited by plaintiff, the court recognized (p. 235) that “ the legislature may constitutionally impose double taxation ”. This power was also recognized in Socony-Vacuum Oil Co. v. City of New York (247 App. Div. 163), also relied upon by plaintiff, where the court said (p. 165) “ it may not be successfully contended that the legislature lacks the power to. impose, or to delegate to a municipality power to impose, what is called ‘ double taxation ’
Plaintiff also urges that the tax is discriminatory, in that it singles out juke boxes for taxation, and also in that it discriminates between juke boxes and other coin-operated devices. All taxes are, however, to some extent, arbitrary, since they *147 necessarily select some property or subjects for taxation without also taxing all others. It is enough that there is a reasonable basis for the legislative classification. A tax on coin-operated devices may validly be imposed without likewise taxing all other forms of business.
A tax upon coin-operated amusement devices may also be validly levied without also imposing a similar tax upon coin-operated devices of a nonamusement type. In the court’s opinion, the plaintiff has failed to show that there is no reasonable basis for the classification adopted by the city’s legislative body.
The plaintiff’s motion is denied and judgment is granted to defendant, pursuant to rule 112 of the Rules of Civil Practice, which authorizes judgment on the pleadings “ without regard to which party makes the motion