S. Samuel Di Falco, S.
The question presented for determination in this construction proceeding is whether the invalid exercise of a power of appointment with respect to one third of the property embraced in the power renders the entire exercise of the power invalid.
The decedent herein died on December 22,1910. Under article Seventh of his will he created a trust of his residuary estate for the life of his wife, giving to her the limited right to appoint the principal of the trust ‘ ‘ to my descendants in such shares and upon such lawful estates as my said Wife shall by her Last Will and Testament or Instrument in the nature thereof limit and appoint, and in default of such appointment I give, devise and bequeath my said residuary estate to my descendants, per stirpes and not per capita.”
The decedent’s widow died on December 14, 1959 in Paris, France, leaving a last will and testament dated January 10, 1956 which expressly relates to her property in the United States or property which might be under administration in the United States. In her will the widow exercised her limited power of appointment as follows:
*455 “ Notwithstanding the provisions of Article first of this my Last Will and Testamént, I give, devise, bequeath and appoint any property over which I have a power of appointment under the Will of my deceased husband, A. Lanfear Norrie as follows —
“Four-twelfths (4/12ths) thereof to my daughter, volerie norrie pozzo di borgo, absolutely.
“ Four-twelfths (4/12ths) thereof to my son, lanfear b. norrie, absolutely.
“ Two-twelfths (2/12ths) thereof to my granddaughter, JACQUELIN BAREST KOEHN-WELLS, IN TRUST.
“ Two-twelfths (2/12ths) thereof to my granddaughter, rita WELLS RILLIET, IN TRUST. ’ ’
The two grandchildren named by the decedent’s widow are the children of her daughter Emily Rita Norrie Wells. With respect to all other property disposed of by her will, the widow divided it equally among her three children, one of whom is the said Emily Rita Norrie Wells.
The attempted appointment of one third of the trust principal in further trust for the lives of the two granddaughters is plainly invalid. The property appointed is the property of the donor of the trust who died in 1910 and the two grandchildren who were born respectively in 1918 and 1921 were not in being at the time of his death. Thus the attempted appointment for the benefit of the grandchildren violates the Statute against Perpetuities and is invalid. (Personal Property Law, § 11; Hillen v. Iselin, 144 N. Y. 365; Fargo v. Squiers, 154 N. Y. 250; Matter of Pearson, 20 Misc 2d 1020; Matter of Sheedy, 20 Misc 2d 900, affd. 12 A D 2d 461; Real Property Law, §§ 178, 179.)
The facts in the case at bar fall peculiarly within the facts ruled upon by this court in Matter of Sheedy (supra, pp. 906-907). As stated by the court in that case the rule of construction to be followed is set forth in section 362 of the Restatement of the Law of Property, and that rule states that the valid portion of the appointment be given effect “ unless (a) the two parts are so mingled that it is impossible to fix the line of division between them, or (b) the donee’s scheme of disposition is more closely approximated by allowing both parts to pass in default of appointment than by treating as valid the latter part of the appointment and allowing only the property covered by the former part to pass in default”. (See, also, Matter of Huntington, 10 Misc 2d 932.) That principle must be applied here. The will discloses that the donee’s testamentary plan was to divide her property equally among her three children and/or their respective families, for the grandchildren named are the children of Emily Rita Norrie Wells, the donee’s third child. If *456 we separate the valid from the invalid exercise of the power two of the donee’s children will receive the one-third share appointed to them plus an additional one third of the property invalidly appointed. The daughter Emily Bita would also receive one third of the property invalidly appointed or in effect one ninth of the entire fund instead of one third of the entire fund. If, however, the property passes in default each of the children will take one third of the trust principal and this disposition more fully carries out the donee’s testamentary plan.
There is nothing contained in the will which evidences an intent by the donor to uphold a partial appointment when part falls for invalidity. The will merely says 1 ‘ in default of such appointment I give, devise and bequeath my said residuary estate to my descendants, per stirpes and not per capita.” Under these circumstances this court is of the opinion that the invalid exercise by the donee with respect to one third of the property invalidates the entire exercise of the power of appointment. (Matter of Lyons, 271 N. Y. 204; Brown v. Quintard, 177 N. Y. 75; Matter of Sheedy, supra.) The court therefore holds that one third of the appointive property shall be paid to each of the donee’s children as though the power of appointment had never been exercised.