In the Matter of GEORGE WALDES, Petitioner, *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

In the Matter of ICA WALDES BUSEK, Petitioner, *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

In the Matter of ANNA LUDVIK, Petitioner, *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

In the Matter of MILO WALDES, Petitioner, *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, July 19, 1962.

*Rubin, Baum & Levin* (*Frederick Baum* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Bush* of counsel), for respondent.

HERLIHY, J. This is a consolidation of four proceedings under article 78 of the Civil Practice Act to review the determination of the respondent commission which denied refunds to petitioners of personal income taxes for the year 1941 upon the sole ground that the Statute of Limitations for 1941 war losses had run. The merits of the claims have not been determined.

Each of the petitioners herein timely filed a New York State tax return for the calendar year 1941 and paid the tax due thereon. In December of 1950 each petitioner timely filed a claim for a refund of 1941 taxes with the Federal authorities based upon war losses suffered in 1941. In August of 1957 the United States Treasury Department determined that the petitioners were entitled to the war loss deductions for 1941. Petitioners then duly filed Form IT-115 with the State Income Tax Bureau, pursuant to section 367 of the Tax Law, notifying the State of the final determination of the Federal authorities. The petitioners had never filed any application for revision or refund of their New York State income taxes for 1941 based upon war losses prior to 1957 although, as mentioned above, they filed in 1950 with the Federal Government.

The State Tax Commission determined that pursuant to section 3 of chapter 533 of the Laws of 1944, as amended by chapter 183 of the Laws of 1950, the time for filing an application in regard to war losses for the calendar year 1941 had expired on April 15, 1951, the Legislature not having further extended the act.

Section 3 of the act provided that a refund must be sought within one year after the effective day of the act. "§ 3. Notwithstanding any provision of the tax law an application for revision or refund with respect to the year beginning January first, nineteen hundred forty-one and any fiscal year ending in nineteen hundred forty-two resulting from the amendments made by this act may be made within one year after the effective date of this act."

The legislation was originally enacted so as to conform the State tax treatment for deductions of war losses and recoveries or restitutions on account thereof with that of the Federal Government under existing Federal law.

The petitioners contend that they are entitled to a refund on the basis of subdivision 2 of section 367 and subdivision 4 of section 373 of the Tax Law (L. 1949, ch. 93) regardless of the time limitations set forth in chapter 533 of the Laws of 1944, as amended by chapter 183 of the Laws of 1950.

Section 3 of chapter 533 of the Laws of 1944 specifically revived the otherwise barred right to a refund for the year 1941 insofar as it was for a war loss.

Chapter 93 of the Laws of 1949, which added subdivision 2 of section 367 and subdivision 4 of section 373 to the Tax Law, amended section 367 as follows: " If the amount of net income for any year of any taxpayer as returned to the United States treasury department is changed or corrected by the commis-

sioner of internal revenue or other officer of the United States or other competent authority, or where a renegotiation of a contract or subcontract with the United States results in a change in net income, such taxpayer shall report such change or corrected net income, or the results of such negotiation, within ninety days after the final determination of such change or correction or renegotiation, or as required by the tax commission.''

Subdivision 4 of section 373, in effect, provides that where the taxpayer complies with subdivision 2 of section 367, the Tax Commission shall recompute the New York State tax for the year involved and shall allow any refund due on New York taxes as a result of such change, regardless of what year might be involved.

Following the enactment of chapter 93 of the Laws of 1949, article 571-a of the New York State Personal Income Tax Regulations was promulgated by the Department of Taxation and Finance. Subdivisions a and d of the article provided that the Tax Commission, within one year after the reporting of a change in the amount of net income as returned to the United States, would issue an assessment or refund as the case might require notwithstanding the limitation of time within which such refund or assessment might otherwise be made. Subdivision g of the article stated: '' g. The provisions of this article apply to all final determinations made * * * or amended returns filed on or after July 1, 1949, but * * * shall not authorize the making of additional assessments or refunds with respect to taxes where the statutes of limitations otherwise applicable will have expired by July 1, 1949, nor shall the provisions of this article limit the time within which assessments or refunds may otherwise be made.''

The argument of the petitioners is that since the statute had been extended in regard to war losses for 1941 down to 1951, said war losses were not barred in 1949 and thus, the petitioners are entitled to refunds based upon chapter 93 of the Laws of 1949 and particularly pursuant to article 571-a of the regulations.

The respondent argues that the Statute of Limitations in regard to Federal changes introduced in 1949 does not have any effect upon the express limitations provided for war losses.

The contention of the Tax Commission is sustained. The applicable rule of statutory construction provides that a more general statute will not be deemed to repeal a more specific one unless the two are so patently inconsistent that they cannot stand together. (*Cimo* v. *State of New York*, 306 N. Y. 143, 149; *People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175, 184.)

There is nothing inconsistent in the two Statutes of Limitation involved here. The general statute enacted in 1949 provided that only those claims not already barred in New York could thereafter be reviewed. It thus appears that the Legislature did not raise the bar if it had already fallen. The limitation as to war losses in 1941 was expressly extended each year until and including 1950 which would have been unnecessary had the general statute been intended to supersede the limitation relating to war losses for 1941.

The legislative history of each statute contains nothing to suggest that the statutory period of limitations prescribed by chapter 533 of the Laws of 1944, as amended by chapter 183 of the Laws of 1950, was qualified or repealed to any degree by chapter 93 of the Laws of 1949 (Tax Law, § 367, subd. 2; § 373, subd. 4) and there is no reason to impute to the Legislature an intention to create a situation where the Tax Commission must await the determination of a Federal agency before it decides the Statute of Limitations has run against a refund claim, based on war losses. It further appears that section 358-b (war losses) was never considered when the Legislature enacted the 1949 legislation.

The limitation as to war losses is certainly specific as compared to the Laws of 1949 which provides for review and refund where there are Federal changes in net income and it clearly appears that the Legislature did not intend that the general legislation enacted in 1949 would impliedly repeal the special statute relating solely to war loss claims (1 McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 396).

The determination of the Tax Commission should be confirmed.

BERGAN, P. J., GIBSON, REYNOLDS and TAYLOR, JJ., concur.

Determination of the Tax Commission confirmed, without costs.