In the Matter of EDWARD E. BENJAMIN, Doing Business as CEDAR RESTAURANT, Respondent, *v.* STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Appellant.

In the Matter of WALTER GRUNDMAN, Respondent, *v.* STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Appellant.

Third Department, July 26, 1962.

*Hyman Amsel* (*Bartholomew A. Moynahan* and *Emanuel D. Black* of counsel), for appellant.

*Charles J. Bellew* for respondents.

*Per Curiam.* The facts involved are not disputed. Petitioners are operators of taverns in Johnson City and Town of Maine, N. Y., respectively. Both had liquor licenses for the periods October 1, 1958 to September 30, 1959 and October 1, 1959 to September 30, 1960. In 1960 when their licenses came up for renewal the State Liquor Authority had reason to believe that violations had occurred during the Summer of 1959. Due to the fact that the Authority contends it did not become aware of this possibility until the middle of August of 1960 it proposed to renew respondents' licenses upon stipulation that it could still institute proceedings and assess penalties for violations for which it " could have or has already instituted revocation proceedings during the current license period." Respondents agreed to this stipulation. At a hearing held in December, 1960 respondents admitted selling liquor to minors during the Summer of 1959 but claimed that section 118 of the Alcoholic Beverage Control Law precluded revocation of their licenses for violations occurring at that time. As a result of the hearing, respondents' licenses were suspended. Respondents then brought the instant proceeding to review this determination. The court below held (1) that because the renewal stipulations were not introduced at the hearing they could not properly have been considered by the hearing officer and (2) that section 118 constituted a Statute of Limitations which precluded suspension for the violations in question. It is from this holding that the present appeal is brought.

The Authority urges that Special Term erred in holding that the renewal stipulations were not before the Authority at the hearing. We agree. While admittedly the stipulations were not formally received into evidence, it is not disputed that the licenses themselves were before the Authority. Since the renewal stipulations formed the basis upon which the licenses were reissued and thus constituted an integral part thereof, we find that the stipulations were " before " the Authority despite the lack of formal introduction.

The Authority also urges that Special Term was in error in finding that section 118 of the Alcoholic Beverage Control Law

constitutes a Statute of Limitations. We cannot agree. Section 118 provides in part as follows: "Notwithstanding the issuance of a license or permit by way of renewal, the liquor authority may revoke, cancel or suspend such license or permit, as prescribed by this section and section one hundred nineteen of this chapter, for causes or violations occurring *during the license period immediately preceding the issuance of such license or permit,* and may recover, as provided in section one hundred twelve of this chapter, the penal sum of the bond on file during said period." (Emphasis added.) This language is clear and explicit and leaves no room for interpretation or construction. We cannot agree with appellant that section 118 was enacted merely to make clear that the appellant had authority to suspend or revoke a license for violation occurring in the preceding period without limiting its authority thereto. *Matter of Colonial Liq. Distrs.* v. *O'Connell* (295 N. Y. 129), while factually analogous, was decided on the law applicable prior to the enactment of the above-quoted provisions of section 118 and thus is not here controlling.

Having decided that the stipulations were properly before the Authority and that section 118 is a Statute of Limitations, we are next faced with the question, viz., can the Authority enter into stipulations which contravene the provisions of section 118. The answer would appear to hinge on whether section 118 acts as a limitation on the jurisdiction of the Authority, for if it does it is clear that the Authority by its own acts, even as here with the consent of the other parties involved, could not extend the ambit thereof (42 Am. Jur., Public Administrative Law, § 109; 73 C. J. S., Public Administrative Bodies and Procedure, §§ 51, 116). The Authority's jurisdiction is conferred on it by statute and expressly limited thereby. Acts which are beyond the purview of the statute are void and cannot be held to be the less so on the theory of waiver or estoppel or because of stipulations, such as are here involved.

As a rule general limitations on actions, i.e., the limitations which appear in article 2 of the Civil Practice Act, are considered procedural or personal and thus subject to waiver. (See *Planet Constr. Corp.* v. *Board of Educ. of City of N. Y.,* 7 N Y 2d 381, 385.) This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available. (See *Dentists' Supply Co.* v. *Cornelius,* 281 App. Div. 306, affd. 306 N. Y. 624.) With the bar removed the remedy returns full bloom. Such is not considered to be the case, however, where a specific limitation is contained in the statute which establishes the remedy. Here the remedy exists only during the prescribed

period and not thereafter (*Engel* v. *Davenport,* 271 U. S. 33; *Gatti Paper Stock Corp.* v. *Erie R. R. Co.,* 247 App. Div. 45, affd. 272 N. Y. 535; *Fairclough* v. *Southern Pacific Co.,* 171 App. Div. 496, affd. 219 N. Y. 657; *Latham Enterprises* v. *State of New York,* 20 Misc 2d 1018; *Citrone* v. *Palladino,* 34 Misc 2d 838). In such situations the Statute of Limitations is considered substantive or jurisdictional rather than procedural or personal. We find that the statute here involved affects a limitation on the jurisdiction of the Authority. Section 118 sets out grounds for the revocation or suspension of licenses but then specifically limits suspension or revocation to those violations occurring at a point in time not more distant than the immediately preceding licensing period. For violations occurring beyond this period there is no remedy of suspension or revocation available to appellant under section 118, nor since we find that section 118 establishes a limitation on the jurisdiction of the Authority, could jurisdiction be conferred by the stipulations involved.

If section 118 in its present form is not satisfactory to the Authority, in our view, it should seek legislative relief.

The orders should be affirmed.

BERGAN, P. J. (dissenting). The decision in *Matter of Colonial Liq. Distrs.* v. *O'Connell* (295 N. Y. 129) was plainly to the effect that the Authority was not limited in revoking a liquor license for violation of the Alcoholic Beverage Control Law to an offense committed during the period covered by the license affected.

The court noted that in pursuance of statutory authority a regulation provided a license could be revoked for a violation of the Alcoholic Beverage Control Law; and in the absence of some statutory limitation on this power it could be exercised beyond the termination date of the license held at the time of violation, i.e., " we may not limit the regulation by an absolute rule that no violation occurring before the issuance of a renewal license is cause for revocation thereof " (p. 141).

The 1945 amendment to the statute providing that the Authority may revoke for causes " occurring during the license period immediately preceding " the issuance of the license sought to be affected was adopted while *Colonial Liq.* was in the courts. The Authority's determination had been annulled in part and confirmed in part at Special Term in February, 1945, and the statute seems to have been designed to meet that situation (see 269 App. Div. 496, 497; Alcoholic Beverage Control Law, § 118, last par., L. 1945, ch. 522). The decisions in the

Appellate Division and in the Court of Appeals came after the amendment became effective (i.e., June 29, 1945 and Jan. 17, 1946, respectively).

It was argued in the Court of Appeals that the enactment of this amendment implied that no such power existed before amendment; but the court rejected this argument to hold that the power did exist before the amendment (pp. 140, 141). If power existed before and without reference to the amendment, to revoke a license for an offense committed during a previous license period, the amendment did not place a new limitation on that power. No express restriction of power is stated in the 1945 amendment; and we should not readily read into it an impairment of those powers which the Court of Appeals held existed without regard to the amendment.

A clause such as "occurring during the license period immediately preceding" will ordinarily be read as restricting the act authorized to the time stated. This is because a time limit usually arises by implication from such an expression. But that implication is not drawn mechanically and invariably; and it ought not be drawn here for two reasons:

(a) The last paragraph of section 118 was added in 1945 in circumstances closely associated with pending litigation concerning a single year preceding the license affected; and at a time at which it could not be foreseen by the Legislature that the Court of Appeals would hold that the power to go back to the preceding year (and for a reasonable time beyond) existed under the general powers of the Authority and the amendment was unnecessary.

(b) The last paragraph added in 1945 to section 118 does not itself carry the grant of power to the Authority to revoke or suspend licenses. The power derives from the first paragraph of the section, i.e.,: "Any license * * * may be revoked * * ° * for cause " and this contains no time limitation as to the occurrence of the "cause". The last paragraph is a "notwithstanding" clause after the "causes" have been fully set forth and enumerated.

Hence this paragraph is not to be treated as a clearly imposed condition on the exercise of the power, such as "within one year of the occurrence of an offense a license may be revoked for cause ". In view of the general structure of section 118, the peculiar history of the legislation adding the last paragraph; and the closely interrelated legislative and judicial action, the usual implication of limitation ought not be drawn.

Besides all this, the stipulations of the petitioners to a continuance of the power of the Authority to act were in the cases

now before the court a consent to continue proceedings which could, on good grounds, have been conducted and continued for a reasonable time. Had a formal paper been filed and adjournment noted, instead of a signed stipulation entered into, the power would have been undoubted.

The orders of the Special Term should be reversed and the suspension orders confirmed.

GIBSON, HERLIHY and REYNOLDS, JJ., concur in *Per Curiam* opinion; BERGAN, P. J., dissents and votes to reverse and to confirm the suspension orders, in a memorandum, in which TAYLOR, J., concurs.

Orders affirmed. ▬▬▬▬▬▬