John Carroll Young, J.
The above claims arose by reason of the State’s having effected a change of grade of West Bridge Street in the City of Oswego, New York, in front of the properties of the claimants.
On September 30,1966, after trials of the above claims in this court, decisions of the undersigned were filed in the office of the Clerk of this court, dismissing both claims for lack of proof of jurisdiction of the court in that in neither claim was any proof adduced as to the date of acceptance of the final estimate of the completed contract by the Superintendent of Public Works as provided by subdivision 15 of section 30 of the Highway Law.
Reference is hereby made to said decisions as to the specific grounds therefor and the authorities upon which the court relied in reaching such determinations, all of which are incorporated herein by reference.
Judgments pursuant to said decisions were entered in said Clerk’s office in the above claims.
Identical motions have been made in each of the above-entitled claims for an order “ setting aside the Court’s decision and rendering a new decision in favor of the claimant * * ' * or, in the alternative, directing that a new trial be granted ”.
In movants’ affidavit supporting this motion, the court — for the first time — is asked to take judicial notice of the acceptance by the Superintendent of Public Works of the final estimate of the completed contract on record as a public document in the district office of the Department of Highways in the State Office Building, Syracuse, New York, and that the date of such acceptance was December 28, 1961.
It is the contention of claimants (movants) that the court should grant new trials herein to enable them to introduce such proof as part of the records and that the court should take judicial notice of such acceptance.
The court on the trial would have taken judicial notice thereof as a public record, if claimants had then so requested. (Browne v. City of New York, 213 App. Div. 206, affd. 241 N. Y. 96.)
Such acceptance is a public record as defined under section 144 of the Education Law. (People ex rel. Stenstrom v. Harnett, 131 Misc. 75, affd. 224 App. Div. 127, affd. 249 N. Y. 606.)
However, claimants, on the trials, failed to request the court to take judicial notice thereof and such fact was not brought *610 to the attention of the court or made a part of the records on such trials.
To enable, and authorize a court to take judicial notice of any fact, it is the duty of claimants to bring such fact to the attention of the court and claim it for judicial notice. (Walton v. Stafford, 14 App. Div. 310, 313, affd. 162 N. Y. 558.)
It is improper to take judicial notice to supply defects in proof; there is no claim made by the movants herein that the evidence sought to be introduced was not available to them at the time of the trial. Litigants are entitled to their 11 day in court ” and a fair trial, but not to “ two days in court ”. (Collins v. Central Trust Co. of Rochester, 226 App. Div. 486.)
Nevertheless, under all the circumstances in the present case, this court would favorably consider movants ’ timely application for a new trial (CPLR 4404, 4405) (Cacciatore v. State of New York, 5 Misc 2d 841, mod. on other grounds 4 A D 2d 928), if such new trial and the taking of judicial notice of such acceptance by the Superintendent of Public Works would result in a different determination.
The court does not discern, however, that the granting of such relief would change the result; it has been held that it would be but an idle gesture to grant a second trial if the result would not be changed. (Grafton v. Ball, 164 App. Div. 70.)
If such new trial were granted and such proof received, it would establish that December 28, 1961 was the date on which the Superintendent of Public Works accepted the final estimate of the completed contract.
The proofs on the trials showed and the court in its decisions herein found, and it is undisputed that a notice of intention was filed in each claim on October 13, 1961.
For the sole purposes of these motions, the court presumes the validity of the form and contents of such notices of intention, that is, that they sufficiently conform with the respective claims as later filed to constitute sufficient notices of intention to file such claims; the Donohue claim was filed October 8, 1963 and the Reifke claim October 13, 1963.
For the reasons set forth in the court’s decisions rendered herein after the trials in both of these claims, the court is constrained to deny both of these motions.
The undisputed date of December 28, 1961 shown on these motions as the date on which the Superintendent of Public Works accepted the final estimate of the completed contract, fixed the time within which these claims based on a change of grade of the street in front of their properties should have been filed. (Highway Law, § 30, subd. 15.)
*611 Under said section, such claims .should have been filed within six months after December 28, 1961.
The filing of a claim before the acceptance of the final estimate of the completed contract is premature and not timely. (Latham Enterprises v. State of New York, 20 Misc 2d 1018.)
Section 10 of the Court of Claims Act authorizing the extension of time to file a claim by filing a notice of intention within the prescribed period has no application to the filing of a claim under subdivision 15 of section 30 of the Highway Law. (Cimo v. State of New York, 306 N. Y. 143.)
If the filing of a notice of intention is ineffective when filed within the period prescribed by the statute (Cimo v. State of New York, supra) it is even more clearly ineffective when filed during any other period.
Where a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period. (Cimo v. State of New York, supra, p. 150; Gatti Paper Stock Corp. v. Erie R. R. Co., 247 App. Div. 45, 47, affd. 272 N. Y. 535; Matter of Benjamin v. State Liq. Auth., 17 A D 2d 71, citing Latham Enterprises, supra.)
Extensive studies have been made by legislative Law Revision Commissions in relation to the legal questions involved herein, resulting in recommendations to the Legislature for changes in various laws including subdivision 15 of section 30 of the Highway Law, to overcome the effect of the decision in Cimo v. State of New York (supra). (See Legis. Doc., 1963, No. 65 [F].)
The Legislature, however, has not adopted the suggested amendments and its failure to do so is significant of its intention to leave the law unchanged. These motions are denied.